Nancy J. Smith (New Hampshire State Bar No. 9085)
New Hampshire Senior Assistant Attorney General
Lynmarie C. Cusack (New Hampshire State Bar No. 11266)
New Hampshire Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
Telephone:  (603) 271-3650
Email:  nancy.smith@doj.nh.gov

Local Counsel:Richard J. Rojo (CA State Bar No. 100157)
Supervising Deputy Attorney General
Office of the Attorney General
300 South Spring Street
Los Angeles, CA  90013-1230
Telephone: 213-897-2136
Email: Richard.rojo@doj.ca.gov

Attorneys for Defendant William Gardner, In his
Official Capacity as New Hampshire Secretary of State and
The New Hampshire Ballot Law Commission

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Keith Judd, Orly Taitz, et al. <br> Plaintiffs, <br><br> vs. <br><br> Barrack Obama et al. <br><br> Defendants | Case No.: SACV 12-cv-01507 DOC (ANx) <br><br> DATE: November 12, 2012 <br> TIME: 8:30 a.m. <br> CTRM: 9D <br><br> Hon. David O. Carter |

**(1) NOTICE OF MOTION AND MOTION TO DISMISS; AND**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ........................................................................ 1

II.   STANDARD OF REVIEW.......................................................... 3

III.  ARGUMENT.............................................................................. 4

     A.   Plaintiffs' Have Failed to Properly Serve The State of New
         Hampshire Defendants.......................................................... 4

     B.   Plaintiffs' Have Not Alleged Facts Constituting A Prima
         Facie Showing of Personal Jurisdiction Over Non-Resident
         New Hampshire State Defendants ......................................... 7

         1.   No General or Specific Jurisdiction Over New
              Hampshire .................................................................. 8

         2.   The Conspiracy Theory of Personal Jurisdiction Do
              Not Afford a Proper Basis for Exercising Jurisdiction
              Over Non-Resident State Official/Entity Defendants... 11

     C.   Venue Is Improper In the Central District of California ...... 13

IV.  CONCLUSION........................................................................... 15

# TABLE OF AUTHORITIES

PAGE

## FEDERAL CASES

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
    368 F.3d 1174 (9th Cir. 2004) ..................................................................3

*Bankers Life  Cas. Co. v. Holland*,
    346 U.S. 379; 74 S.Ct. 145, 98 L.Ed. 106 (1953) ..........................................14

*Benny v. Pipes*,
    799 F.2d 489 (9th Cir. 1986) ...................................................................3

*Borzeka v. Heckler*,
    739 F.2d 444 (9th Cir., 1984) ..................................................................6

*Brockmeyer v. May*,
    383 F.3d 798 (9th Cir. 2004) ...................................................................3

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*,
    788 F.2d 535 (9th Cir. 1986) ..............................................................4, 15

*Cranford v. United States*,
    359 F. Supp. 2d 981 (E.D. Cal. 2005) ........................................................4

*Craters &* Freighters *v. Daisychain Enters.*,
    2010 U.S. Dist. LEXIS 18133, 7 (N.D. Cal. Mar. 2, 2010) ...........................1

*Elemary v. Philipp Holzmann A.G.*,
    533 F. Upp 2d 144 (D.D.C., 2008) ............................................................14

*Helicopteros Nacionales de Columbia, S.A. v.Hall*,
    466 U.S. 408, 108 S.Ct. 1868, 80 L.E.2d 404(1984) .....................................7

*Hirsch v. Blue Cross, Blue Shield*,
    800 F.2d 1474 (9th Cir. 1986) ..................................................................7

*In re New Motor Vehicles Canadian Export*,
    307 F. Supp 2d 145 (D.Me. 2004)............................................................14

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MOTION TO DISMISS

*Kipperman v. McCone,*
    422 F. Supp. 860 (N.D. Cal. 1976)..................................................................11

*Lamont v. Haig,*
    590 F.2d 1124 (D.C. Cir. 1978)....................................................................14

*Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.,*
    940 F.2d 397 (9th Cir. 1991), cert. denied, 502 U.S. 1094,
    112 S. Ct. 1168, 117 L. Ed. 2d 414 (1992)......................................................2

*Leroy v. Great Western United Corp.,*
    443 U.S. 173, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979) ................................13

*Mansour v. Superior Court,*
    38 Cal. App. 4th 1750, 46 Cal. Rptr. 2d 191 (1995) ....................................11

*Morris v. Atchity,*
    2009 U.S. Dist. LEXIS 14581, 2009 WL 463971
    (C.D. Cal. Jan. 13, 2009) .........................................................................7, 11

*Murphy Bros. v. Michetti Pipe Stringing,*
    526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448;
    526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) .............................3

*Ochoa v. J.B. Martin & Sons Farms, Inc.,*
    287 F.3d 1182 (9th Cir. 2002) ....................................................................10

*Omni Capital Int'l v. Rudolf Wolff & Co.,*
    484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ............................3

*Panavision Int'l, L.P. v. Toeppen,*
    141 F.3d 1316 (9th Cir. 1998) ....................................................................4, 9

*Pedrina v. Chun,*
    97 F.3d 1296 (9th Cir. 1996) .........................................................................2

*Pennhurst State School and Hospital v. Halderman,*
    465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) .....................................8

*Perales v. City of Buena Park,*
    453 Fed. Appx. 730 (9th Cir. 2011)..............................................................2

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MOTION TO DISMISS

Page iii

*Perkins v. Benguet Consol. Mining Co.*,
    342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485,
    63 Ohio Law Abs. 146 (1952) .................................................................8

*Quern v. Jordan*,
    440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979) ....................................8

*Rocawear Licensing LLC v. Pacesetter Apparel Group*,
    2007 U.S. Dist. LEXIS 98894, 2007 WL 5289737
    (C.D. Cal. Sept. 12, 2007) ....................................................... 8, 12, 13

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) .................................................................7

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...................................................... 3, 4, 9

*Seminole Tribe of Florida v. Florida*,
    517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) ...............................8

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ...............................................................3

*Siegel v. Homestore, Inc.*,
    255 F. Supp 451 (E.D. Pa. 2003) .........................................................14

*Tate v. Board of Prison Terms*,
    2010 U.S. Dist. LEXIS 48572, 2010 WL 1980141
    (C.D. Cal. Mar. 16, 2010).....................................................................2

*United States v. Rone*,
    598 F.2d 564 (9th Cir. 1979), cert. denied, 445 U.S. 946 (1980) .................11

*Yates v. Baldwin*,
    633 F.3d 669 (8th Cir. 2011) ...............................................................5

**FEDERAL STATUTES**

28 U.S.C § 1965 ...............................................................................2, 4

**NEW HAMPSHIRE STATE STATUTES**

N.H. RSA 510, *et seq.*.........................................................................5

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MOTION TO DISMISS

N.H. RSA 510:2 ...................................................................................6

N.H. RSA 510:10 .................................................................................6

N.H. RSA Title 63; ch 652-658 .........................................................9

N.H. RSA ch 665, *et seq.* ...................................................................9

N.H. RSA 665:6 ...................................................................................9

## FEDERAL RULES

Fed. R. Civ. P. 4 ...................................................................................4

Fed. R. Civ. P. 4(d) .............................................................................6

Fed. R. Civ. P. 4(j) ..............................................................................6

Fed. R. Civ. P. 4(j)(2)......................................................................2, 5

Fed. R. Civ. P. 4(j)(2)(B) ....................................................................5

## CALIFORNIA STATE RULES

Cal. Civ. Proc. Code § 410.10 ...........................................................9

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MOTION TO DISMISS

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on November 12, 2012 at 8:30 a.m., defendants William M. Gardner, as New Hampshire Secretary of State; and the Ballot Law Commission of the State of New Hampshire will bring on for hearing the within Motion to Dismiss, before the Honorable David O. Carter, in his courtroom located at 411 West Fourth Street, Santa Ana, California 92701.

The New Hampshire defendants, by and through undersigned counsel, hereby specially appear and move this Court pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2)for an order dismissing plaintiffs' action against them with prejudice. This motion is made on the grounds that this Court lacks personal jurisdiction over plaintiffs' claims against the New Hampshire defendants and that plaintiffs have failed to properly serve the New Hampshire defendants.

This Motion is based on the attached Memorandum of Points and Authorities, pleadings heretofore filed by plaintiffs, and grounds as may be advanced in the future. This Motion is made following conference of counsel pursuant to Local Rule 7-3 which took place on October 3, 2012.   A proposed order is attached.   In addition the NewHampshire defendants request that a ruling be made without the need of a hearing.

Respectfully submitted,

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MOTION TO DISMISS

Dated: October 9, 2012

/s/    Nancy J. Smith
Nancy J. Smith, NH Bar No. 9085
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, New Hampshire 03301-6397
Telephone:  (603) 271-1227
Email:  nancy.smith@doj.nh.gov

/s/ Richard J. Rojo
Richard J. Rojo, Bar # 100157
Supervising Deputy Attorney General
State of California
Office of the Attorney General
300 South Spring Street
Los Angeles, CA  90013-1230
Telephone: 213-897-2136
Email: Richard.rojo@doj.ca.gov

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF MOTION

### I. INTRODUCTION

Plaintiffs, to include among others, Attorney Orley Taitz and three New Hampshire representatives, bring an action against a hodgepodge of parties alleging an assortment of various claims. The mishmash of claims arise out of a belief that President Obama is not a natural born citizen of the United State and allege a multitude of wrongdoing to include fraud, conspiracy, defamation, etc. Plaintiffs include vaguely defined claims against the New Hampshire Secretary of State and the New Hampshire Ballot Law Commission (BLC) which allege fraud, complicity and negligence. *See* First Amended Complaint, (¶¶40, 174 -189).[1]

Plaintiffs' action against the New Hampshire Secretary of State and the BLC is flawed for a myriad of reasons. This special appearance, motion and memorandum, however, only address the lack of proper service and lack of personal jurisdiction/venue issues.[2] In essence, Plaintiffs are attempting to litigate against the New Hampshire Secretary of State and the BLC in a California federal

---

[1] The Complaint received by the attorney general in New Hampshire is missing several pages, including pages containing paragraphs 182-189 which potentially include further allegations against New Hampshire defendants.
[2] The New Hampshire defendants do not waive any other defenses it has by not addressing them in this Motion and Memorandum. For example, the New Hampshire defendants do not waive *inter alia,* immunity, standing and subject matter jurisdiction arguments. *Craters & Freighters v. Daisychain Enters.*, 2010 U.S. Dist. LEXIS 18133, 7 (N.D. Cal. Mar. 2, 2010).

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 1

court where they have not properly served the New Hampshire defendants pursuant to Fed.R.Civ.P. 4(j)(2) and cannot satisfy the jurisdictional prerequisites in order to maintain an action against State of New Hampshire official governmental entities in California federal court.

If plaintiffs claim personal jurisdiction against the State of New Hampshire Secretary and BLC based on the vaguely defined RICO claims against the "defendants" as a group, the claims still fail.  RICO claims are insufficient to confer jurisdiction against government entities or officials since government bodies "are incapable of forming a malicious intent." *Perales v. City of Buena Park*, 453 Fed. Appx. 730 (9th Cir. 2011) citing *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991), *cert. denied,* 502 U.S. 1094, 112 S. Ct. 1168, 117 L. Ed. 2d 414 (1992); *see also Tate v. Board of Prison* Terms, 2010 U.S. Dist. LEXIS 48572, 2010 WL 1980141 (C.D. Cal. Mar. 16, 2010)(indicating that suing a government official in his official capacity is the equivalent of suing the government) *citing Pedrina v. Chun,* 97 F.3d 1296, 1300 (9th Cir. 1996).  As such, any reliance on the provisions of 28 U.S.C § 1965 to confer personal jurisdiction under an "ends of justice" theory is inappropriate and

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 2

must be disregarded.  Accordingly, the claims against the New Hampshire Secretary of State and the BLC should be dismissed with prejudice. [3]

## II.   STANDARD OF REVIEW

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction or lack of proper service, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448; 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

As such, this Court must determine as a threshold matter if proper service has been achieved.  Proper service of process is required for federal courts to obtain personal jurisdiction over a defendant. *Action Embroidery Corp. v. Atl.*

---

[3] Since the dismissal does not rest solely on the grounds of insufficient service, Plaintiffs ability to perfect service would fail to cure the defect and dismissal should be with prejudice.

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 3

1  *Embroidery, Inc.,* 368 F.3d 1174, 1177 (9th Cir. 2004); *Benny v. Pipes,* 799 F.2d

2  489, 492 (9th Cir. 1986).

3      Once the question regarding sufficiency of service has been answered the

5  court must then evaluate the personal jurisdiction question.  Where there is no

6  applicable federal statute governing personal jurisdiction[4], the district court should

8  apply the law of the state in which the district court sits.  *See Schwarzenegger v.*

9  *Fred Martin Motor Co.,* 374 F.3d at 800, *citing Panavision Int'l, L.P. v. Toeppen,*

11  141 F.3d 1316, 1320 (9th Cir. 1998).

12  **III.**    **ARGUMENT**

13      **A. Plaintiffs' Have Failed to Properly Serve the State of New**

15          **Hampshire Defendants**

16      A federal court lacks jurisdiction over a party where there is insufficient

18  service of process.  Unless there is "substantial compliance with Fed. R. Civ. P. 4"

19  actual notice alone will not suffice to establish personal jurisdiction.  *Cranford v.*

20  *United States,* 359 F. Supp. 2d 981, 983-84 (E.D. Cal. 2005) (*citing Benny,* 799

22  F.2d at 492).

23      Plaintiffs have failed to perfect service on the New Hampshire defendants.

---

26  [4]Again, any reliance on the provisions of 28 U.S.C. §1965 is misplaced and inappropriate given the claims are
27  against the New Hampshire Secretary of State in his official capacity and the Ballot Law Commission – a state
created executive entity.  Morever, even if Plaintiffs had claimed, which they did not, that the "ends of justice"
require personal jurisdiction to be achieved, Plaintiffs have further failed to plead any facts meeting the three prong
28  test as articulated in *Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535 (9th Cir. 1986).

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 4

The Federal Rules of Civil Procedure provide that a "state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Here, plaintiffs have failed to meet either provision of 4(j)(2).

As evidenced by page 4 of Document 10 filed by plaintiffs with this court on September 29, 2012, the First Amended Complaint was sent via the U.S. Postal Service to the Attorney General of New Hampshire by certified mail. The return receipt indicates it was received by a Melanie Barker on September 17, 2012. Delivery of the complaint by such a method is insufficient as a matter of law. *See Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011)(noting certified mail is not considered "delivery" under Rule 4).

The only proof of service filed by plaintiffs regarding the New Hampshire defendants is a certified mail receipt. Upon information and belief, no New Hampshire state official has been personally served by a non-plaintiff over the age of 18 at the Secretary of State's office with the summons and complaint, nor has Mr. Gardner personally received the summons and the complaint. Likewise, no individual member of the BLC has been served with the summons and complaint.

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 5

Fed. R. Civ. P. 4(j)(2)(B) authorizes service in a manner "prescribed by that state's law for serving a summons or like process on such a defendant. In New Hampshire there is no statute that specifies a separate method of service for the State, its officers, agencies, boards or commissions.[5] N.H. RSA 510, *et seq.* establishes the methods of service of process for New Hampshire. *See e.g.* N.H. RSA 510:2 (writs served by giving in hand or leaving at defendant's abode); N.H. RSA 510:10 (service against county on one of the commissioners and the treasurer; city upon mayor or alderman and city clerk; towns on one of the selectmen and town clerk; school district on one member of the board and the clerk of the district). No provision of New Hampshire law allows for service to be accomplished on a state official by sending the Attorney General a copy of a complaint through the mail.[6]

Since plaintiffs have not complied with Fed. R. Civ. P. 4(j), they have failed to perfect service. Thus, this court has no jurisdiction over the New Hampshire defendants. The court should dismiss the action as the New Hampshire defendants themselves have not been given actual notice and would suffer prejudice by having to appear and answer the action. *See Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir., 1984)(laying out four prong test to determine if dismissal is appropriate).

---

[5] The State has retained its sovereign immunity for most actions. Where it has waived such immunity for certain torts, any such claim must be filed first with the agency involved and then with the secretary of state.

[6] To the extent that Fed. R. Civ. P. 4 (d) provides a process for requesting waiver of service by mail, that section does not apply to state officials sued in their official capacities as they are not "[a]n individual, corporation or association." In any event, the plaintiffs did not request waiver of service in this case.

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 6

### B. **Plaintiffs' Have Not Alleged Facts Constituting a *Prima Facie* Showing of Personal Jurisdiction Over Non-Resident New Hampshire State Defendants.**

The United States District Court for the Central District of California has recognized, "[t]he exercise of personal jurisdiction over a nonresident Defendant requires the presence of two factors. The forum state's laws must provide a basis for exercising personal jurisdiction, and the assertion of personal jurisdiction must comport with due process. *Morris v. Atchity,* 2009 U.S. Dist. LEXIS 14581, 2009 WL 463971 (C.D. Cal. Jan. 13, 2009) *citing Hirsch v. Blue Cross, Blue Shield,* 800 F.2d 1474, 1477 (9th Cir. 1986). California requires analysis under due process – minimum contacts - to determine if personal jurisdiction has been satisfied. *See Morris v. Atchity,* at *5 citing. Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir. 1991).

In determining 'minimum contacts' with the forum state, courts distinguish between 'specific' and 'general' jurisdiction. "Specific jurisdiction exists when a state exercises personal jurisdiction over a defendant in a suit arising out of or relating to the defendant's contacts with the forum, [while general jurisdiction] is based on the defendant's general business contacts and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 7

contacts. *Helicopteros Nacionales de Columbia, S.A. v.Hall*, 466 U.S. 408, 414-16, nn 8-9; 108 S.Ct. 1868, 80 L.E.2d 404(1984).

California recognizes that the guiding principle in evaluating contacts with the forum state is that the defendant conducts some act by which the defendant purposefully avails itself of the privilege of conducting activities in Califonria so as to invoke the benefits and protections of the forum state's laws. "If a defendant is domiciled in the forum state, or its activities there are substantial, continuous and systematic, a federal court can exercise general jurisdiction over that defendant as to any cause of action - even if unrelated to defendant's activities within the forum state. *Rocawear Licensing LLC v. Pacesetter Apparel Group*, 2007 U.S. Dist. LEXIS 98894, 2007 WL 5289737 (C.D. Cal. Sept. 12, 2007), *citing Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445-47, 72 S. Ct. 413, 96 L. Ed. 485, 63 Ohio Law Abs. 146 (1952).

1.    <u>**No General or Specific Jurisdiction Over New Hampshire**</u>

New Hampshire is a sovereign State whose capitol is Concord, New Hampshire. The BLC and the Secretary of State operate under authority set out in the New Hampshire Constitution or State Statute. The BLC and NH Secretary of State have no agent operating out of another sovereign state and the New

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 8

Hampshire legislature has not consented to the jurisdiction of the State of California.[7]

Applying California law to the issue of personal jurisdiction, the Plaintiffs must establish that the New Hampshire Secretary of State in his official capacity and the BLC each have minimum contacts with California before this court can exercise its jurisdiction over those New Hampshire defendants. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 800; *citing Panavision*, 141 F.3d at 1320 and Cal. Civ. Proc. Code § 410.10.

That minimum standard has not been met here. Plaintiffs have not alleged and cannot allege any way in which William Gardner, in his official role as the New Hampshire Secretary of State or the executive entity that is the New Hampshire Ballot Law Commission have purposefully availed themselves to the California forum in the central district such that they could anticipate being haled into court in California by virtue of decisions made with respect to New Hampshire election law and more particularly placing Barack Obama on the New Hampshire ballot.

Indeed, the New Hampshire defendants exercise their authority over the election process strictly through New Hampshire statutes. *See* N.H. RSA Title 63;

---

[7] Indeed, the Eleventh Amendment to the U.S. Constitution prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Quern v. Jordan*, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). New Hampshire has not consented to suit in any federal district court.

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  Page 9

ch 652-658.  Neither the Secretary of State nor the BLC have authority to act , nor have they acted, outside of New Hampshire in fulfilling their statutory obligations. The enabling statute for the Ballot Law Commission is found at N.H. RSA ch 665, *et seq.*  N.H. RSA 665:6 specifically addresses the BLC's general duties.  Those duties, like those of the Secretary of State apply only as to actions taken in New Hampshire.

Simply put, New Hampshire defendants have no continuous or systematic presence in California and thus general jurisdiction cannot be established.  Likewise, there is no specific jurisdiction that could attach over New Hampshire defendants either.  In applying the Ninth Circuit's three prong test to determine the constitutional ability to exercise jurisdiction, plaintiffs cannot establish and have not provided facts to support jurisdiction.  *See e.g. Ochoa v. J.B. Martin & Sons Farms, Inc.,*287 F.3d 1182, 1188 (9th Cir. 2002)(evaluating whether it is reasonable to assert jurisdiction, whether defendants purposefully avail themselves of court and whether they conduct forum related activities).  Plaintiffs have not provided this court with any facts that suggest any of the prongs have been met. The New Hampshire defendants simply do not direct any of their conduct toward California.  To assert jurisdiction over the New Hampshire defendants without more violates the "traditional notions of fair play and substantial justice."

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 10

2.     **The Conspiracy Theory of Personal Jurisidiction Do Not Afford a Proper Basis for Exercising Jurisdiction Over Non-Resident State Official/ Entity Defendants.**

Being unable to establish that the New Hampshire defendants are subject to either the general or specific jurisdiction of California it is anticipated that Plaintiffs will argue personal jurisdiction is appropriate because Plaintiffs have alleged a conspiracy.  Plaintiffs' First Amended Complaint, however, does nothing more than contain some very generalized complaints against the "defendants." Plaintiffs allegations contain no specific particularities taken by New Hampshire defendants in furtherance of a conspiracy.

The fact that the State of New Hampshire holds elections, or included Barak Obama on its ballots despite being provided information by Plaintiff Taitz of her beleifs regarding alleged national origin issues, does nothing to support that the New Hampshire defendants acted together with any other named defendant or that they were involved in an enterprise with a pattern of racketeering activities.  *See United States* v. *Rone*, 598 F.2d 564 (9th Cir. 1979), *cert. denied*, 445 U.S. 946 (1980)(defining enterprise and pattern of activity).

In *Morris v. Atchity*, the Central District Court indicated that "California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party." *Morris*, at 5 *citing Mansour v. Superior Court*, 38 Cal. App. 4th 1750,

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 11

1760, 46 Cal. Rptr. 2d 191 (1995).  The *Morris* court, quoting *Kipperman v.*

*McCone,* 422 F. Supp. 860, 873 n. 14 (N.D. Cal. 1976), also noted that the

Northern District of California has stated "personal jurisdiction over any non-

resident individual must be premised upon forum related acts personally

committed by the individual.  Imputed conduct is a connection too tenuous to

warrant the exercise of personal jurisdiction."  Thus, a conspiracy claim cannot

impute personal jurisdiction." *Id.*

Here, the mishmash of named defendants have no connection with each

other.  The mere fact that each sovereign state carries out election activities under a

federalist system does not bind them in any conspiratorial sense.  In *Rocawear*

*Licensing,* this district court (Carney, J.) found,

> [i]n order to plead the existence of a nationwide conspiracy among
>
> Defendants, both the Ninth Circuit and the Supreme Court have required
>
> that a plaintiff make a showing that the defendant intended to enter into an
>
> agreement or that the defendant had knowledge of the essential nature of
>
> the conspiracy. A plaintiff must allege facts showing that the
>
> "conspirator[s]... intend[ed] to further an endeavor which, if completed,
>
> would satisfy all of the elements of a substantive criminal offense, but it
>
> suffices that [the conspirators] adopt[ed] the goal of furthering or
>
> facilitating the criminal endeavor." ... Additionally, the Ninth Circuit has

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 12

required that a defendant must also have been "aware of the essential

nature and scope of the enterprise and intended to participate in it." …

While it is not necessary that each conspirator know all of the details of

the conspiracy the evidence must show that the defendant "knowingly

agree[d] to facilitate a scheme which includes the operation or

management of a RICO enterprise."

*Rocawear Licensing LLC v. Pacesetter Apparel Group,* at pp. 16-17 [internal

citations omitted].

Plaintiffs here have done nothing to allege how William Gardner as New

Hampshire's Secretary of State or the BLC acted in concert with any other named

Defendant.  Again, New Hampshire has its own distinct and unique elections law

and the New Hampshire defendants were required to apply that independent,

legislatively adopted statutory system to the ballot issues brought before them by

Plaintiff  Titz regarding the New Hampshire ballots  in November 2011.

Suggesting that failure to investigate whether Plaintiffs' claims regarding forged

documents unrelated to New Hampshire ballot requirements were accurate

somehow establishes complicit criminal activity is not only without legal merit, but

illogical when no other state can apply New Hampshire ballot law and New

Hampshire ballot law does nto apply to any other state.

## C. Venue Is Improper In The Central District of California

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 13

"In most instances, the purposes of statutorily specified venue is to protect the defendant against the risk that the plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 184, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979).  To preserve an element of fairness, so that New Hampshire or other sovereign bodies are not haled into a remote district having no real relationship to the actual dispute, the actions or omissions must be more than tangentially connected for venue purposes and thus the test is not a particular defendant's contacts with the forum but the location of those events or omissions giving rise to the claim. *Siegel v. Homestore, Inc.*, 255 F. Supp 451, 456-56 (E.D. Pa. 2003).

Here Plaintiffs make no assertion as to why venue in the Central District of California is appropriate.  One thing is obvious, however, the events or omissions giving rise to the allegations against New Hampshire defendants occurred in New Hampshire.  "Generally, a plaintiff must demonstrate proper venue with respect to each cause of action and each [defendant]. *Elemary v. Philipp Holzmann A.G.*, 533 F. Upp 2d 144, 149 (D.D.C., 2008)(quoting *Lamont v. Haig*, 590 F.2d 1124, 1135 (D.C. Cir. 1978).

Indeed, the use of an alleged co-conspirator's acts to establish venue is frowned upon  in that the "Supreme Court has labeled the conspiracy doctrine in the venue context as having 'all the earmarks of a frivolous albeit ingenious

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 14

attempt to expand [venue].'" *In re New Motor Vehicles Canadian Export*, 307 F.

Supp 2d 145, 158 (D.Me. 2004)(quoting *Bankers Life  Cas. Co. v. Holland*, 346

U.S. 379, 384; 74 S.Ct. 145, 98 L.Ed. 106 (1953)).

Plaintiffs make no allegation that the New Hampshire defendants have

committed any acts within the district.  More critical is that plaintiffs have not

alleged that venue is appropriate in this district.  Furthermore, plaintiffs have

asserted no specific grounds under which the New Hampshire defendants

participated in a multidistrict conspiracy.  Again a mere allegation that New

Hampshire should have somehow done more with regard to identification

documents does not constitute sufficient grounds to establish a nationwide

conspiracy. *See e.g. Butchers Union*, 788 F.2d at 539.  Plaintiffs' vague

allegations against New Hampshire defendants cannot be sufficient to drag the

state defendants thousands of miles outside of New Hampshire and bear the cost of

defending an action that has already been adjudicated in New Hampshire.

## IV.   CONCLUSION

For the foregoing reasons, this action should be dismissed as to the New

Hampshire Defendants in its entirety for lack of personal jurisdiction, improper

service and for lack of venue.  Moreover, because the personal jurisdiction defects

cannot be cured as to the New Hampshire defendants, the case should be dismissed

with prejudice.  Judgment should be entered according, without the need for

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND
NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 15

hearing on the issue.  If, the court, however believes a hearing is necessary the New Hampshire defendants ask that they be permitted to attend via telephone conference.

Dated: October 9, 2012                    Respectfully submitted,

                                          /s/    Nancy J. Smith
                                          Nancy J. Smith
                                          Senior Assistant Attorney General
                                          New Hampshire Attorney General's Office
                                          33 Capitol Street
                                          Concord, New Hampshire 03301-6397
                                          Telephone:  (603) 271-1227
                                          Email:  nancy.smith@doj.nh.gov


                                          /s/ Richard J. Rojo
                                          Richard J. Rojo, Bar # 100157
                                          Supervising Deputy Attorney General
                                          State of California
                                          Office of the Attorney General
                                          300 South Spring Street
                                          Los Angeles, CA  90013-1230
                                          Telephone: 213-897-2136
                                          Email: Richard.rojo@doj.ca.gov

NEW HAMPSHIRE SECRETARY OF STATE, WILLIAM GARDNER AND NEW HAMPSHIRE BALLOT LAW COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS Page 16

## PROOF OF SERVICE

I, Deborah Stephens, attest that I am not a party to this litigation, I am over the age of 18 and that I have served all parties that have appeared in this matter as listed below in the manner stated on this date, October 9, 2012 with this document, Motion to Dismiss by New Hampshire Defendants and Memorandum of Points and Authorities.

By electronic filing with the court:

Attorney for Plaintiffs:  Orly Taitz, Orly Taitz Law Offices, 29839 Santa Margarita Pkwy Suite 100, Rancho Santa Margarita, CA 92688

The ECF Docket indicates that no other parties have appeared at the time this Motion was Submitted by ECF filing by local counsel.

Dated:        October 9, 2012

                              /s/ Deborah Stephens
                              Deborah Stephens