1  KAMALA D. HARRIS
   Attorney General of California
2  RICHARD J. ROJO
   Supervising Deputy Attorney General
3  State Bar No. 100157
    300 South Spring Street, Suite 1702
4  Los Angeles, CA  90013
   Telephone:  (213) 897-2134
5  Fax:  (213) 897-2810
   E-mail:  Richard.Rojo@doj.ca.gov
6  *Attorneys for Defendant Brian Kemp*

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                     SOUTHERN DIVISION

11

| | |
|---|---|
| **KEITH JUDD, et al.** | Case No. SACV 12-CV-01507 DOC |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS GEORGIA SECRETARY OF STATE BRIAN KEMP** |
| **v.** | |
| **BARAK OBAMA, et al.** | Date:         November 12, 2012 |
| Defendants. | Time:         8:30 a.m.<br>Courtroom:  9D<br>Judge:        The Honorable C. David O. Carter |

19

20        Pursuant to Fed. R. Civ. P. 12(b)(2), Brian Kemp ("Secretary Kemp"),

21  Secretary of State of the State of Georgia, by and through counsel, files this

22  Memorandum of Law in Support of Motion to Dismiss of Georgia Secretary of

23

24  State Brian Kemp based on lack of personal jurisdiction.  Throughout this

25  memorandum of law, the First Amended Complaint will be referred to as the

26  "Complaint."

27

28        ///

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    <u>INTRODUCTION</u>

This case presents another chapter in a long series of lawsuits filed by Orly Taitz ("Dr. Taitz") to disqualify President Barack Obama from appearing on state ballots for President of the United States for the 2012 election cycle.  Dr. Taitz is both the lawyer for the plaintiffs in this case and a plaintiff herself.[1]  In this lawsuit, among several other public officials and citizens, Dr. Taitz has sued the Secretary of State of Georgia, Brian Kemp, in the Central District of California for acts that, even as pled, were all taken by Secretary Kemp in the State of Georgia.  The Complaint in this case asserts several causes of action, but none of them establish that Secretary Kemp has minimum contacts with the State of California, and for that reason, this lawsuit must be dismissed.

---

[1] The plaintiffs in this case are: Keith Judd, Orly Taitz, Thomas G. MacLeran, Leah Lax, David Farrar, Larry Rappaport, Lucien Vita, and Carol Vita (collectively, "the Plaintiffs").  Complaint, at pp. 1-4.

1

2

3

## II.     STATEMENT OF FACTS

Plaintiffs filed their Complaint alleging a litany of claims in the Central District of California against a host of defendants, including Secretary Kemp. See Complaint. Secretary Kemp is the Secretary of State of Georgia. Complaint, at p. 4, ¶ 12. The first claim against Secretary Kemp sounds in fraud, alleging that Secretary Kemp "received [. . .] evidence [. . .] showing that Obama being [sic] a foreign national . . ." and that, despite of this, Secretary Kemp did not remove President Obama from the Georgia ballot. Complaint, at p. 31, ¶ 40. The second, third, fourth, fifth and sixth claims are brought under the federal RICO statute[2], and are based on the same basic allegations. Complaint, at pp. 39-45. The seventh and eighth claims are based on alleged violations of Plaintiffs' First and Fourteenth Amendment rights. Complaint, at pp. 45-48. The ninth claim is based on alleged violations of Plaintiffs' Fifth and Fourteenth Amendment rights. Complaint, at p. 49. The tenth claim is based on the alleged defamation of Dr. Taitz by members of the media, but this count does not make any allegations against Secretary Kemp related to this claim. Complaint, at pp. 49-62. The eleventh and twelfth claims are claims brought under federal and California law for alleged violations during the 2012 United States Senate election in California, and these claims do not make any allegations regarding Secretary Kemp. Complaint, at pp. 62-89. The thirteenth

---

[2] Dr. Taitz invokes 18 U.S.C. §§ 1961-1968, otherwise known as the Racketeering Influenced and Corrupt Organizations Act, in these counts. She invokes other sections of the federal criminal code in her complaint as well.

claim specifically alleges that Secretary Kemp "received evidence that Barack Hussein Obama is not eligible on the ballot" and was negligent in "knowingly allowing a foreign national who is using forged identification papers . . . to be placed on the ballot in the State of Georgia."  Complaint, p. 92, ¶¶ 170-173.  The harm[3] alleged in this count is that "Plaintiffs were forced to participate in unlawful election [sic]."  See id.  Finally, the fourteenth claim is based on alleged breaches of fiduciary duties by various federal officials, but not Secretary Kemp.  Complaint, at pp. 95-100.  Dr. Taitz also seeks to become the class representative pursuant to Fed. R. Civ. P. 23 of a putative class who have been harmed by the allegedly wrongful conduct of the Defendants.  Complaint, at pp. 100-103.

Nevertheless, in the context of these several claims, Plaintiffs only allege that Secretary Kemp acted wrongfully in his capacity as the Secretary of State of Georgia.  See Complaint.  Secretary Kemp is authorized by Georgia law to make decisions regarding the qualifications of candidates in Georgia state and federal elections.  See O.C.G.A. § 21-2-50(a)(1)-(15).  Each claim relating to Secretary Kemp concerns the election challenge previously filed in Georgia by Dr. Taitz.  See Complaint.   Each of Secretary Kemp's allegedly wrongful acts occurred in Georgia.  See id.  There are no allegations whatsoever that Secretary Kemp directed any of these acts to any other state than Georgia.  See id.

_____

[3] Only Plaintiff David Farrar is a resident of Georgia and is eligible to vote in Georgia.  Complaint, p. 2, ¶ 5.

# III.   RELEVANT LEGAL STANDARDS

## (a)   District Court Standard of Review for 12(b)(2) Motion to Dismiss

When a defendant moves to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)).  Where a district court rules on a defendant's motion to dismiss without conducting an evidentiary hearing, the district court only inquires whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction."  Schwarzenegger, 374 F.3d at 800 (citing Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)).  If there is such a prima facie showing, there is personal jurisdiction over the defendant.  Id.  Where there is no such showing, "the case must be dismissed."  Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).

A plaintiff cannot "simply rest on the bare allegations of its complaint," Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc. 551 F.2d 784, 787 (9th Cir. 1977), but the district court must take the uncontroverted allegations in a plaintiff's complaint as true.  Schwarzengger, 374 F.3d at 800.

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  Boschetto, 539 F.3d at 1015.  This Court, sitting in California, therefore must apply the law of California, and the California

5

long-arm statute is "coextensive with federal [constitutional] standards."  Id.  As such, the only inquiry for the district court is whether there is personal jurisdiction over a defendant according to federal constitutional standards.  Id.

### (b)   Personal Jurisdiction

The United States Constitution requires that "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum 'such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 800 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

The first step in the constitutional inquiry measures the contacts that the defendant has with the forum state.  Id.  The second step measures whether the overall assertion of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316.  See also Asahi Metal Indus. Co. Ltd. v. Superior Court, 480 U.S. 102, 105, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).  Where a court examines this second step, the court weighs several reasonableness factors including "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief."  Asahi, 480 U.S. at 113. The court "must also weigh [. . .] the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." Id.  Courts

recognize two types of personal jurisdiction: general and specific personal jurisdiction.  See Boschetto, 539 F.3d at 1016.

### (i)   General Personal Jurisdiction

General personal jurisdiction exists where a defendant has contacts with the forum state that are "continuous and systematic."  See Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d. 404 (1984). The standard for general personal jurisdiction is high, and it will only be found where the defendant has essentially "[sat] down and [made] [himself] at home." Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006).  When a court has general personal jurisdiction over a defendant, the defendant can be sued in that court without offending the Constitution even where the defendant's continuous and systematic contacts with the forum state are not related to the lawsuit itself.  See Helicopteros, 466 U.S. at 414.  Further, for general jurisdiction, courts require more than that some economic impact is felt in the forum state.  See Collegesource Inc. v. Academyone Inc., 653 F.3d 1066, 1075-77 (9th Cir. 2011).

### (ii)   Specific Personal Jurisdiction

Specific personal jurisdiction exists where the defendant's contacts with the forum state "arise out of" or relate to the pending lawsuit itself and the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d. 528 (1985).

The United States Court of Appeals for the Ninth Circuit applies a three-part test to determine whether there is specific jurisdiction over a nonresident defendant, like Secretary Kemp: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." See Schwarzenegger, 374 F.3d at 802 (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).

## IV.    ARGUMENT AND CITATION OF AUTHORITY

### A.    There is no general personal jurisdiction over Secretary Kemp

Secretary Kemp simply does not have, nor has the Complaint pled that he has, "continuous and systematic" contacts with the State of California. Helicopteros, 466 U.S. at 414. In fact, the Complaint does not allege that Secretary Kemp ever directed any activity whatsoever towards the State of California. See Complaint. He certainly has not "[sat] down and [made] [himself] at home" in California. Tuazon, 433 F.3d at 1169. For general jurisdiction, courts require more than that some impact is felt in the forum state, see Collegesource Inc., 653 F.3d at 1075-77, and this Complaint is bereft of any allegations other than that Plaintiffs disagree with Secretary Kemp's application of Georgia law. See Complaint.

1

2

3

**B.**   <u>There is no specific personal jurisdiction over Secretary Kemp</u>

There is no specific personal jurisdiction in this case either.  Applying the

4

first prong of the three part test articulated in <u>Schwarzenegger</u>, there are no

5

allegations in the Complaint that establish that Secretary Kemp has "purposefully

6

7

directed his activities" towards California or performed "some act by which he

8

purposefully avails himself of the privilege of conducting activities in [California],

9

thereby invoking the benefits and protections of its laws."  374 F.3d at 802.

10

11

At most, each of the claims against Secretary Kemp argues that he allegedly

12

erred when he denied the election challenge against President Obama which Dr.

13

Taitz commenced in Georgia on behalf of David Farrar.  <u>See</u> Complaint.  Even

14

15

assuming that the allegations in the Complaint are true, the Complaint does not

16

allege that Secretary Kemp acted in any way whatsoever toward the State of

17

California.  <u>See</u> <u>id</u>.  As such, the first prong of the <u>Schwarzenegger</u> test fails

18

19

because Secretary Kemp has not purposefully directed any activity towards the

20

State of California or its residents.  374 F.3d at 802.  Accordingly, because the first

21

prong fails, "the jurisdictional inquiry ends and the case must be dismissed."

22

23

<u>Boschetto</u>, 539 F.3d at 1016 (<u>citing</u> <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151,

24

1155 (9th Cir. 2006)).

25

26

27

28

**C.**    **The fairness factors also weigh against this Court finding personal jurisdiction over Secretary Kemp**

Even if this Court were to find that Secretary Kemp has contacts with the State of California, the assertion of personal jurisdiction over Secretary Kemp would be unreasonable under the fairness factors articulated in <u>Asahi</u>.  480 U.S. at 113.  For one, to hail Secretary Kemp into court in California on these claims would be a heavy "burden on the defendant." <u>Id</u>.  Further, the State of California has little "interest" in Secretary Kemp's role in overseeing Georgia elections. <u>Id</u>.  Finally, the "interstate judicial system's interest in obtaining the most efficient resolution of controversies" weighs against finding personal jurisdiction in this case because Dr. Taitz has already filed several lawsuits[4] in Georgia based on the same underlying allegations.  <u>Id</u>.  It is an inefficient use of this Court's time to rehash claims in this case that have already been heard and denied in Georgia courts.  While Secretary Kemp does not doubt that Plaintiffs have an "interest in obtaining relief," this interest, standing alone, cannot outweigh the other interests that support a finding of no personal jurisdiction over Secretary Kemp.  <u>Id</u>.

---

[4] For example, Dr. Taitz filed the case of <u>David Farrar, et al. v. Barack Obama</u>, OSAH- SECSTATE-CE-1215136-60-MALAHI (Fulton County Superior Court Civil Action File No. 2012-CV-211398), an election qualification challenge brought under O.C.G.A. § 21-2-5, in the Georgia Office of State Administrative Hearings.  The administrative law judge ("ALJ") denied this challenge on February 3, 2012, and Secretary Kemp adopted the ALJ's findings on February 7, 2012.  There are several other cases as well.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed as against Secretary Kemp pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  Under the facts alleged in the Complaint, there is neither general nor specific personal jurisdiction against the Secretary of State of Georgia in the Central District of California for acts taken in Georgia according to Georgia election law.  Accordingly, Secretary Kemp requests that this Court DISMISS the Complaint.

Respectfully submitted this 9th day of October, 2012 by:


/s/  Richard Rojo
Richard Rojo
California Bar No. 250277
Deputy Attorney General
California Department of Justice

Counsel for Defendant Brian Kemp

1

## CERTIFICATE OF SERVICE

2

3          This is to certify that on this day I served the foregoing document using the

4   CM/ECF filing system at the Central District of California which generates a

5   Notice of Electronic Filing to all parties and constitutes service of electronically

6

7   filed documents for the purposes of the Federal Rules of Civil Procedure.

8          Respectfully submitted this 9th day of October, 2012 by:

9                                             /s/  Richard Rojo

10                                            Richard Rojo
                                              California Bar No. 250277
11                                            Deputy Attorney General
12                                            California Department of Justice

13                                            Counsel for Defendant Brian Kemp

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28