1  JOHN F. KRATTLI, County Counsel
   BRANDI M. MOORE, Senior Deputy County Counsel
2  (SBN 221519) • bmoore@counsel.lacounty.gov
   648 Kenneth Hahn Hall of Administration
3  500 West Temple Street
   Los Angeles, California 90012-2713
4  Telephone: (213) 974-1832 · Fax: (213) 617-7182

5  Attorneys for Defendant Dean C. Logan in
   his capacity as Los Angeles County
6  Registrar-Recorder/County Clerk

7

8                    UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11  KEITH JUDD, ORLY TAITZ,              CASE NO. SACV12-01507-DOC (ANx)
    THOMAS G. MACLERAN, LEAH
12  LAX, DAVID FARRAR, LARRY             DEFENDANT DEAN C. LOGAN,
    RAPPAPORT, LUCIEN VITA,              LOS ANGELES COUNTY
13  CAROL VITA,                          REGISTRAR-RECORDER/COUNTY
                                         CLERK'S, NOTICE OF MOTION &
14              Plaintiffs,              MOTION TO DISMISS FOR
                                         FAILURE TO STATE A CLAIM;
15        v.                             MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT
16  BARACK OBAMA, IN HIS                 THEREOF
    CAPACITY AS A CANDIDATE ON
17  THE BALLOT FOR THE US                [Filed Concurrently with Request for
    PRESIDENT IN 2012 ELECTION;          Judicial Notice]
18  NATALIE E. TENNANT, in her
    capacity of West Virginia Secretary of  [Fed. R. Civ. P. 12(b)(5) and (6)]
19  State; DEBRA BOWEN, in her
    capacity of California Secretary of
20  State; BRIAN P. KEMP, in his capacity  DATE:      December 3, 2012
    of Georgia Secretary of State;        TIME:      8:30 a.m.
21  WILLIAM M. GARDNER, in his           PLACE:     Courtroom 9D
    capacity of New Hampshire Secretary
22  of State; NANCY PELOSI in her
    capacity of the Chairwoman of the 2008  Action Filed:   September 11, 2012
23  Democratic National Convention and   Trial Date:      None
    Signor of the Certificate of Nomination
24  for Candidate for President Obama;
    MICHAEL ASTRUE in his capacity as
25  the Commissioner of SSA; WILLIAM
    A. CHATFIELD In his capacity as
26  former Director of the Selective
    Service; ALVIN ONAKA in his
27  capacity as registrar of the Health
    Department of Hawaii; JANET

28  HOA.920289.1                         SACV12-01507-DOC (ANx)

NOTICE OF MOTION & MOTION
TO DISMISS FOR FAILURE TO
STATE A CLAIM

1  NAPOLITANO in her capacity as
   Secretary of Department of Homeland
2  Security; ERIC HOLDER in his
   capacity as Attorney General of the
3  USA; BRIAN SCHATZ in his capacity
   as 2008 Chairman of the Democratic
4  party of Hawaii and Signor of the
   Certificate for Presidency for Barack
5  Obama; LYNN MATUSOW in her
   capacity as 2008 Secretary of the
6  Democratic party of Hawaii and Signor
   of the Certificate for Presidency for
7  Barack Obama; ALICE TRAVIS
   GERMOND in her capacity as a
8  secretary of the 2008 Democratic
   Nominating Convention; OBAMA FOR
9  AMERICA; BALLOT LAW
   COMMISSION OF STATE OF HEW
10 HAMPSHIRE; BOARD OF
   DIRECTORS OF CALIFORNIA
11 REPUBLICAN PARTY; DEAN C.
   LOGAN in his capacity as Los Angeles
12 county registrar; ELIZABETH EMKEN
   in her capacity as a candidate on the
13 ballot; DIANNE FEINSTEIN in her
   capacity as a candidate on the ballot;
14 CLAY D. LAND in his capacity as a
   Federal Judge, Central District of
15 Georgia; JOHN AVLON, in his
   capacity as a reporter for Daily Beast;
16 CHRIS MATTHEWS in his capacity as
   a host of MSNBC; MSNBC; FORBES
17 MAGAZINE; KEVIN UNDERHILL in
   his capacity as a reporter for FORBES
18 MAGAZINE; CLEARCHANNEL
   COMMUNICATIONS; KFI AM 640;
19 JOHN AND KEN SHOW; JOHN
   KOBELT; PATRICK R. DONAHOE in
20 his capacity as Post Master General and
   Chief Executive Officer of United
21 States Postal Service; CNN; JOHN
   DOES and JANE DOES 1-100,
22
          Defendants.
23

24      TO PLAINTIFFS KEITH JUDD, ORLY TAITZ, THOMAS G.

25 MACLERAN, LEAH LAX, DAVID FARRAR, LARRY RAPPAPORT, LUCIEN

26 VITA, CAROL VITA AND THEIR ATTORNEY OF RECORD:

27      PLEASE TAKE NOTICE that on Monday, December 3, 2012 at 8:30 a.m. or

28
   HOA.920289.1                                              SACV12-01507-DOC (ANx)

   NOTICE OF MOTION & MOTION      -2-
   TO DISMISS FOR FAILURE TO
   STATE A CLAIM

1 | as soon thereafter as the matter may be heard in Courtroom 9D of the United States
2 | District Court, the Honorable David O. Carter presiding, located at 411 West Fourth
3 | Street, Santa Ana, California, Defendant Dean C. Logan, in his capacity as the Los
4 | Angeles County Registrar-Recorder/County Clerk ("LA County Registrar") will and
5 | does hereby move this Court for an order dismissing Plaintiffs' First Amended
6 | Complaint ("FAC") with prejudice on the ground that Plaintiffs have failed to
7 | properly complete service on the LA County Registrar and have failed to state a
8 | claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure
9 | 12(b)(5) and 12(b)(6).

10 |     This motion is based upon this Notice of Motion and Motion, the attached
11 | Memorandum of Points and Authorities, the records on file in this action, the
12 | Request for Judicial Notice filed concurrently herewith, and upon such further
13 | documents, evidence and argument as may be before the Court at the time of the
14 | hearing on this motion.

15 |     This motion is made following the conference of counsel pursuant to Local
16 | Rule 7-3, which took place on September 27, 2012.

17 | DATED:  October 9, 2012      Respectfully submitted,

18 | 
19 |         JOHN F. KRATTLI
        County Counsel

20 | 
21 | 
22 |         By   /s/ BRANDI M. MOORE
23 |         BRANDI M. MOORE
        Senior Deputy County Counsel

24 |         Attorneys for Defendant Dean C. Logan in his
25 |         capacity as Los Angeles County Registrar-
        Recorder/County Clerk

26 | 
27 | 
28 | 

HOA.920289.1

NOTICE OF MOTION & MOTION
TO DISMISS FOR FAILURE TO
STATE A CLAIM

-3-

SACV12-01507-DOC (ANx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case is another in a long line of cases where Orly Taitz ("Taitz") either was a plaintiff, or represented plaintiffs, who seek to have Barack Obama disqualified as a candidate for President in the 2012 election based on unsupported allegations that he is not a natural born citizen of the United States, or that his citizenship was given up and never reinstated.  In addition, in their First Amended Complaint ("FAC"), plaintiffs Keith Judd, Taitz, Thomas G. Macleran, Leah Lax, David Farrar, Larry Rappaport, Lucien Vita and Carol Vita (collectively "Plaintiffs"), generally seek an order to decertify the results of the June 2012 primary election as it relates to the United States Senate contest in California and instructing California Secretary of State Debra Bowen ("SOS") to remove from the voter rolls over one million allegedly invalid voter registrations.

Finally, on page 62 of the FAC, in the Eleventh Cause of Action alleging violations of the Help America Vote Act ("HAVA"), National Voter Registration Act ("NVRA") and the Elections Code, and claims that the LA County Registrar's data entry staff "falsified" voter registration forms when it included the term "US" into the computer system for certain registrants.  But Plaintiffs' claims are based on unsupported and erroneous contentions, factually deficient affidavits and allegations, along with an Exhibit 29 that includes a small portion of an email chain which takes the discussion out of context and misleads this Court.  Additionally, the allegations are broad conclusions unsupported by facts and do not take into consideration Elections Code provisions that specifically indicate that the state of birth is not required if an affiant states on the California voter registration form that they were born in the United States, or requirements of the NVRA that require all states and counties in the United States to accept the Federal voter registration form that does not include the California Requirement for "state or country of birth."

1    Nonetheless, Plaintiffs have failed to state any facts showing that the LA

2 County Registrar breached his duties in the processing of submitted voter

3 registrations in accordance with California and Federal law.  The LA County

4 Registrar has no statutory duty to determine the state or country of birth of a person

5 seeking to register to vote using the Federal voter registration form.  To the contrary,

6 the LA County Registrar is required to accept and register those individuals.

7    A person is eligible to register to vote in California if they are (1) a United

8 States citizen, regardless of place of birth, (2) not in prison or on parole for the

9 conviction of a felony, and (3) at least 18 years of age at the time of the next

10 election.  EC § 2101.  It is the intent of the Legislature to promote and encourage

11 voter registration, to encourage all citizens, particularly those who lack English

12 language skills, to vote, and to maintain voter registration at the highest possible

13 levels.  EC §§ 2103 and 2105.

14    It is the duty of county registrars to register qualified electors to vote.  EC §§

15 2103 and 2158.  Duly qualified electors who are refused voter registration may bring

16 an action in the Superior Court to compel registration.  EC § 2142.

17    For all of these reasons, this Court should grant the LA County Registrar's

18 motion to dismiss without leave to amend.

19                              **BACKGROUND**

20    Plaintiffs allege a variety of claims in their FAC against 32 separate

21 defendants, including the LA County Registrar.  This mish mosh of confusing

22 allegations run the gamut from fraud to conspiracy to defamation, and include

23 claims regarding conduct by the SOS, as well as the Orange County Registrar, who

24 is not a party to this case, which have no bearing on the LA County Registrar.

25    Although somewhat unclear, the Eleventh Cause of Action raises California

26 Elections Code ("EC") section 2150, which sets forth the requirements for the

27 California form of voter registration, including having the affiant include their "state

28 HOA.920289.1                                              SACV12-01507-DOC (ANx)

NOTICE OF MOTION & MOTION          -5-
TO DISMISS FOR FAILURE TO
STATE A CLAIM

1   or country of birth." (FAC ¶ 121)  Plaintiffs allege that 756,213 voter registrations

2   do not include the state of birth as required by EC section 2150(6). (FAC ¶ 124,

3   Exh. 18)  Plaintiffs further allege that the LA County Registrar's employees

4   admitted to "marking that applicant was born in the U.S. when such information was

5   missing" and that another 685,739 voter registrations indicated "USA" or "US."

6   (FAC ¶ 125, Exh. 29)  According to Plaintiffs, these allegations alone require that

7   1,441,952 voter registrations must be purged from the voter records. (FAC ¶ 125).

8                          **STANDARD OF REVIEW**

9          The plaintiff bears the burden of demonstrating that jurisdiction is appropriate

10   where a defendant moves to dismiss a complaint for lack of proper service.

11   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004);

12   citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Brockmeyer v. May*,

13   383 F.3d 798,801 (9th Cir. 2004).  "Before a federal court may exercise personal

14   jurisdiction over a defendant, the procedural requirement of service of summons

15   must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104

16   (1987); see also *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999)

17   ("In the absence of service of process (or waiver of service by the defendant), a

18   court ordinarily may not exercise power over a party the complaint names as

19   defendant."); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174,

20   1177 (9th Cir. 2004) (Proper service of process is required for federal courts to

21   obtain personal jurisdiction over a defendant.).

22          Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is

23   appropriate when a plaintiff's allegations fail "to state a claim upon which relief can

24   be granted."  That claim must be dismissed "if as a matter of law it is clear that no

25   relief could be granted under any set of facts that could be proved consistent with

26   the allegations." *Neitzke v. Williams*, 490 U.S. 319,327 (1989).  A motion to dismiss

27   may be based on either the lack of a cognizable legal theory, or the absence of

28   HOA.920289.1

1  sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica*

2  *Police Dep 't*, 901 F.2d 696, 699 (9th Cir. 1988). In considering the motion, the

3  Court must construe the complaint in the light most favorable to the plaintiff and

4  accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.*,

5  80 F.3d 336,337-38 (9th Cir. 1996).

6      Conclusory allegations and unwarranted inferences are insufficient to defeat a

7  motion to dismiss. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.

8  2004). Instead, the complaint must contain sufficient factual matter, accepted as

9  true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

10 U.S.662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

11 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

12 that allows the court to draw the reasonable inference that the defendant is liable for

13 the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556). "The

14 plausibility standard is not akin to a 'probability requirement,' but it asks for more

15 than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell*

16 *Atlantic Corp.*, 550 U.S. at 557).

17     Review is generally limited to the contents of the complaint. *Marder v.*

18 *Lopez*, 450 F.3d 445 (9th Cir. 2006). But the Court may consider materials properly

19 attached to complaints as exhibits. *Hal Roach Studios, Inc. v. Richard Feiner &*

20 *Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). And the Court may disregard

21 allegations contradicted by the complaint's attached exhibits. *Durning v. First*

22 *Boston Corp.*, 815 F.2d 1265,1267 (9th Cir. 1987).

23     Generally, if the district court considers matters outside the pleading in ruling

24 on a motion to dismiss, the motion is converted into a motion for summary

25 judgment pursuant to Fed. R. Civ. P.56. *Emrich v. Touche Ross & Co.*, 846 F.2d

26 1190, 1198 (9th Cir. 1988). The court, however, may take judicial notice of matters

27 of public record without converting a Rule 12(b)(6) motion into one for summary

28

1  judgment.  See, e.g., *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (judicial

2  notice of Department of Labor Field Operations Handbook); *Emrich*, 846 F.2d at

3  1198 (judicial notice of district and appellate court proceedings); *Mack v. South Bay*

4  *Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds

5  by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)

6  (judicial notice of records and reports of administrative bodies).

7         The allegations in support of Plaintiffs' claims are broad generalizations

8  without factual specificity and are "mere conclusory statements" which are not

9  entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 678.

10                                **ARGUMENT**

11  **I.     PLAINTIFFS' HAVE FAILED TO COMPLETE SERVICE ON THE**

12  **       LA COUNTY REGISTRAR**

13         A federal court lacks jurisdiction over a party where there is insufficient

14  service of process.  Unless there is "substantial compliance with Fed. R. Civ. P. 4"

15  actual notice alone will not suffice to establish personal jurisdiction.  *Cranford v.*

16  *United States*, 359 F. Supp. 2d 981,983-84 (E.D. Cal. 2005) (citing *Benny v. Pipes*,

17  799 F.2d 489, 492 (9th Cir. 1986).

18         Plaintiffs have failed to complete service on the LA County Registrar.  The

19  Federal Rules of Civil Procedure require that a local government must be served by:

20  (A) delivering a copy of the summons and of the complaint to its chief executive

21  officer; or (B) serving a copy of each in the manner prescribed by that state's law for

22  serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).

23  Plaintiffs have failed to comply with either provision.

24         On September 29, 2012, Plaintiffs filed Document 10 with this Court

25  purporting to be a proof of service.  Page 3 of that document indicates that the FAC

26  was sent by certified mail, return receipt requested, via the United States Postal

27  Service to the attention of the LA County Registrar.  The return receipt shows that it

28

1  was stamped received on September 17,2012 by the LA County Registrar's Mail

2  Center.  Delivery of the complaint by such a method is insufficient as a matter of

3  law.  See *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting certified mail

4  is not considered "delivery" under Rule 4).  No other proof of services was filed by

5  Plaintiffs and the LA County Registrar has not been personally served.

6         California Code of Civil Procedure § 415.30(a) and (b) allows for service by

7  mail only if the summons and complaint are accompanied by two copies of a Notice

8  and Acknowledgment of Receipt.  Service is not deemed complete until the

9  defendant returns the Acknowledgment of Receipt within the 20 days provided.

10 Cal. Code Civ. P § 415.30(c) and (d).  Plaintiffs failed to include the requisite

11 Notice and Acknowledgement, therefore, service was not completed.  When process

12 is served by mailing, the green "return receipt" attached to envelope is not the

13 equivalent of an acknowledgement form and does not satisfy the requirement that

14 service be acknowledged.  *Medlock v Superamerica Group, Inc*. (1993, DC Minn.)

15 1993 U.S. Dist. LEXIS 10185; 62 Fair Empl. Prac. Cas. (BNA) 906.

16        Plaintiffs have failed to perfect service as they have not complied with Fed. R.

17 Civ. P. 4(j).  Therefore, this Court does not have jurisdiction over the LA County

18 Registrar and should dismiss the FAC.

19 **II.    THE LA COUNTY REGISTRAR IS IMMUNE FROM LIABILITY**

20 **        FOR DISCRETIONARY ACTS PURSUANT TO CALIFORNIA**

21 **        GOVERNMENT CODE SECTION 820.2**

22        California Government Code section 820.2, states:

23        "Except as otherwise provided by statute, a public employee is not liable for

24 any injury resulting from his act or omission where the act or omission was the

25 result of the exercise of the discretion vested in him, whether or not such discretion

26 be abused."

27        Plaintiffs only argument regarding the LA County Registrar is a broad

28

1  allegation that data entry staff include add the term "US" when that information was

2  missing.  Plaintiffs fail to state with any specificity which voter registrations were

3  allegedly at issue.  Moreover, Plaintiffs did not provide this Court with the entire

4  email chain and claim that the LA County Registrar has admitted to wrongdoing.  In

5  fact, even a reading of the portion of the email attached as Exhibit 20 to the FAC

6  reveals that the computerized applicant file is updated with "US" only when the

7  registration is submitted on the Federal voter registration form.

8         The United States Congress, in enacting the NVRA, has found that the right

9  of citizens of the United States to vote is a fundamental right; it is the duty of the

10  Federal State and local governments to promote the exercise of that right; that the

11  purpose of the NVRA is to establish procedures that will increase the number of

12  eligible citizens who register to vote in elections, to make it possible for Federal,

13  State, and local governments to implement this Act in a manner that enhances the

14  participation of eligible citizens as voters in elections; and to protect the integrity of

15  the electoral process.  42 U.S.C. § 1973gg(a) and (b).

16         The NVRA requires county elections officials to accept and register

17  applicants who submit their voter registrations using the Federal form.  42 U.S.C.

18  § 1973gg-4(a).  That form does not include the requirement of EC § 2150(6) of state

19  and country of birth.  (See Exhibit C to the LA County Registrar's Request for

20  Judicial Notice ("RJN"))  Since the LA County Registrar's election management

21  system requires an entry in the field for "state or country of birth," and since the

22  affiant registering with the Federal form certifies under penalty of perjury that they

23  are a United States citizen, the LA County Registrar, in his discretion, populates the

24  field as necessary in order to effectuate the purposes of the NVRA as envisioned by

25  the United States Government.

26         ///

27         ///

28
NOTICE OF MOTION & MOTION          -10-
TO DISMISS FOR FAILURE TO
STATE A CLAIM

**III.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM BY FAILING TO IDENTIFY A MANDATORY DUTY ON THE PART OF THE LA COUNTY REGISTRAR**

At the outset, it should be noted that Plaintiffs have not requested any affirmative prayer for relief against the LA County Registrar. On that basis alone, the FAC fails to state a claim on which relief may be granted.

This motion to dismiss should be granted as the FAC does not contain sufficient facts to support any alleged cause of action. A "cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Smith v. Minnesota Mutual Life Ins. Co.*, 86 Cal.App.2d 581, 590 (1948). Unless Plaintiff's FAC alleges the violation of some primary right which the LA County Registrar had a corresponding duty to perform for the benefit of Plaintiff, then the FAC fails to state a cause of action.

As a general rule, a California public entity cannot be liable unless it is alleged to have violated a mandatory duty. The requirement that a complaint against a public entity specifically allege the violation of a statute/regulation which imposes a mandatory duty has been described as a "'gateway to recovery." *Washington v. County of Contra Costa,* 38 Cal.AppAth 890,896 (1995). To state a cause of action against a California governmental entity, "every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty." *Searcy v. Hemet Unified School District*, 177 Cal.App.3d 792,802 (1986). This requirement is born from California Government Code section 815.6: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty."

1    In *Haggis v. City of Los Angeles*, 22 Cal.4th 490 (2000), the California

2  Supreme Court discussed the requirement that a plaintiff allege the violation of a

3  mandatory duty before liability can exist against a public entity.  When considering

4  whether a public entity has a mandatory duty, thus giving rise to liability under

5  Government Code 815.6, the purpose of the ordinance or law which creates the

6  mandatory duty must be examined closely to determine whether the injury alleged in

7  the lawsuit was of the type which the mandatory duty was intended to prevent.

8  *Haggis, supra*, at 503.  Even where a mandatory duty is alleged, the immunity

9  provisions of the Government Code could apply to immunize the public entity from

10  liability. (*Id.* at 503-504.)

11    Plaintiffs have failed to identify any mandatory duty that the LA County

12  Registrar owes to Plaintiffs that can form the basis for the FAC and the causes of

13  actions stated therein.  Plaintiffs complain that the LA County Registrar erroneously

14  accepted voter registrations that did not include a state of birth or which were

15  submitted on the Federal voter registration form.  Plaintiff also complains that the

16  voter registrations accepted in this manner were invalid and must be purged from

17  the voter rolls.  Plaintiffs' allegations are based on the faulty premise that the "state

18  of birth" is a required field that must be filled out unless the affiant was born in a

19  country other than the United States, and that if not completed, disqualifies a person

20  from registering to vote.  This is simply not the case.

21    California law states that "If the affiant fails to identify his or her state of birth

22  within the United States, it shall be presumed that the affiant was born in a state or

23  territory of the United States if the birthplace of the affiant is shown as 'United

24  States,' 'U.S.A.,' or other recognizable term designating the United States." EC §

25  2154(d).  Thus, the state of birth is not required so long as the person seeking

26  registration on the California voter registration form indicates they were born in the

27  United States.  Thus, any allegations by Plaintiffs regarding the requirement for state

28

1    of birth must be discarded.

2         Further, to qualify to register to vote in California, a person must be a citizen

3    of the United States, a resident of California, "not in prison or on parole of the

4    conviction of a felony and at least 18 years of age at the time of the next election."

5    EC § 2101; accord, Cal. Const. art. II, sec. 2.  If a person completes a voter

6    registration affidavit attesting to these minimum basic factors, which entitle him to

7    register to vote, the local elections official has no grounds to deny the registration.

8    See generally *Huston v. Anderson*, 145 Cal. 320, 324 (1904) (holding that

9    informality or irregularity in the method by which a person was registered to vote is

10   insufficient grounds to disqualify the person from voting so long as the person was

11   qualified to vote and the local elections official in fact registered the person to vote);

12   accord *Pohlmann v. Patty*, 33 Cal.App. 390 (1917).)

13        No provision of the Elections Code or of the NVRA places a duty upon the

14   LA County Registrar to obtain state or country when left blank by a person

15   completing an affidavit for registration using the Federal voter registration form.  In

16   fact, the requirement that a person provide this information in order to register to

17   vote only applies to someone using the California voter registration form.  State law

18   does not require the information to be provided and indicates that the only affidavits

19   of registration that are acceptable are those provided by the SOS or the NVRA

20   pursuant to 42 U.S.C. § 1973gg, et seq.  EC § 2162(a).  The SOS has advised the

21   county registrars that they do not need to determine a registrant's state or country of

22   birth when the Federal voter registration form is used.  (RJN Exh. A and B)

23        42 U.S.C. § 1973gg-4(a) states in part:

24        (1) Each State shall accept and use the mail voter registration application

25        form prescribed by the Federal Election Commission pursuant to section

26        9(a)(2) [42 USCS § 1973gg-7(a)(2)] for the registration of voters in elections

27        for Federal office.

28

NOTICE OF MOTION & MOTION          -13-
TO DISMISS FOR FAILURE TO
STATE A CLAIM

1    (2) In addition to accepting and using the form described in paragraph (1), a

2    State may develop and use a mail voter registration form that meets all of the

3    criteria stated in section 9(b) [42 USCS § 1973gg-7(b)] for the registration of

4    voters in elections for Federal office.

5         While subsection (2) allows states to develop their own voter registration

6    forms, subsection (1) requires states to accept a voter registration form submitted on

7    the Federal form.  Nothing in the instructions to the Federal voter registration form

8    requires a registrant to include the state or country of birth as required by California

9    law on its own form.  (RJN Exh. C)  In fact, the instructions only discuss the

10   requirements for and ID number, choice of party and signature, while affirmatively

11   stating the registrant is not required to complete the section for race or ethnic group.

12   Had the Legislature thought it was necessary to include the state or country of birth,

13   then the instructions would advise as much.  It is understandable that no such

14   requirement is necessary since it is only United States citizenship, not place of birth,

15   that makes a person eligible to register in California.

16        The LA County Registrar asserts that his duty is to confirm that the affidavit

17   contains the necessary information to qualify the person to vote.  EC § 2101.  If

18   these factors appear on the face of the affidavit, a county registrar cannot reject the

19   affidavit and/or refuse to register the person as a voter.  As a ministerial officer, the

20   LA County Registrar has no authority to go beyond the facts presented on the forms

21   presented to the office.  See generally *Alliance for a Better Downtown Milbrae v.*

22   *Wade*, 108 Cal.App.4th 123 (2003).  A registration form, which is normal on its

23   face, must be accepted by the LA County Registrar.  As a matter of public policy the

24   registration "rules should be construed to permit the greatest number of qualified

25   voters to exercise their rights."  *Coronado v. San Diego Unified Port Dist.*, 227

26   Cal.App.2d 455, 468 (1964), citing *Ley v. Dominguez*, 212 Cal. 587 (1933).

27        Of course, here, Plaintiffs have not indicated any particular voter registration

28

HOA.920289.1

NOTICE OF MOTION & MOTION          -14-
TO DISMISS FOR FAILURE TO
STATE A CLAIM

SACV12-01507-DOC (ANx)

1  that they object to, but only cite generally to over 1.4 million registrations that

2  indicate "US" or "USA" without any reference to Federal or state forms or the

3  statutory requirements.  The LA County Registrar properly performed his duty and

4  properly applied both California and Federal law in the processing of voter

5  registrations.  Because Plaintiffs have failed to identify a duty owed to them by the

6  LA County Registrar, and because the facts before the Court demonstrate that the

7  LA County Registrar complied with his statutory and regulatory duties in registering

8  voters, this motion to dismiss should be granted without leave to amend.

9  **IV.    PLAINTIFFS' EXCLUSIVE REMEDY WAS TO FILE AN ELECTION**

10  **CONTEST CHALLENGING THE LOS ANGELES COUNTY VOTERS**

11  **WHO ALLEGEDLY CAST ILLEGAL OR IMPROPER VOTES**

12         If Plaintiffs alleged that there were illegal votes cast, their sole remedy was to

13  file an elections contest pursuant to EC § 16100.  The elections contest filed in

14  Orange County regarding Orange Country voters is ineffective in Los Angeles

15  County.  Moreover, the election contest requires specificity as to the individuals

16  challenged, which Plaintiffs' have failed to provide.  The time to file such an

17  election contest was 30 days following the June 2012 primary.  EC § 16401.  That

18  time has long since passed, although Plaintiffs' had ample time to bring such an

19  action if they so chose.

20                                   **CONCLUSION**

21         For the foregoing reasons, the County Registrar respectfully requests that the

22  Court dismiss with prejudice Plaintiffs' FAC, and each and every claim for relief

23  alleged therein, in its entirety.

24

25

26

27

28  HOA.920289.1                                              SACV12-01507-DOC (ANx)

NOTICE OF MOTION & MOTION          -15-
TO DISMISS FOR FAILURE TO
STATE A CLAIM

1  DATED: October 9, 2012

Respectfully submitted,

JOHN F. KRATTLI
County Counsel


By    /s/ BRANDI M. MOORE
      BRANDI M. MOORE
      Senior Deputy County Counsel

Attorneys for Defendant Dean C. Logan in his
capacity as Los Angeles County Registrar-
Recorder/County Clerk

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOA.920289.1

NOTICE OF MOTION & MOTION
TO DISMISS FOR FAILURE TO
STATE A CLAIM

-16-

SACV12-01507-DOC (ANx)