ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division
California Bar No. 58609
DAVID A. DeJUTE
Assistant United States Attorney
California Bar No. 153527
    300 N. Los Angeles Street
    Federal Building, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2461/2574
    Facsimile: (213) 894-7819
    Email: Roger.West4@usdoj.gov
    Email: David.DeJute@usdoj.gov

Attorneys for Federal Defendants Michael Astrue, William Chatfield, Janet Napolitano, Eric Holder, Clay D. Land, and Patrick Donahoe

UNITED STATES DISTRICT COURT
FOR THE CENTRAL OF CALIFORNIA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH JUDD, *et al.*, | ) | Case No. SACV 12-1507 DOC (AN) |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | DATE: November 19, 2012 |
|     v. | ) | TIME: 8:30 a.m. |
| | ) | COUTROOM: 9D |
| BARACK OBAMA, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | Hon. David O. Carter |
| | ) | |

**NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFFS AND TO THEIR COUNSEL OF RECORD:

You and each of you will please take notice that on the 19th day of November, 2012, at 8:30 a.m., Defendants Michael Astrue, William Chatfield, Janet Napolitano, Eric Holder, Clay D. Land, and Patrick Donahoe will bring on for hearing the within Motion To Dismiss before the Honorable David O. Carter, United States District Judge, in his courtroom, located at 411 W. 4th Street, Santa Ana, California 92701.

The above named Defendants, for themselves alone and for no others, by and through undersigned counsel, hereby move this court to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) on the grounds that this court lacks subject matter jurisdiction of this action, that as to certain Defendants this court lacks personal jurisdiction, on the further grounds of improper venue, insufficient process, insufficiency of service of process, and failure by Plaintiffs to state a claim upon which relief may be granted.

This motion is made and based upon the attached Memorandum of Points and Authorities, pleadings, exhibits, and upon such other and further arguments, documents, and grounds as may be advanced to the Court in the future. This

//
//
//
//
//
//
//
//
//

motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 9, 2012.

                                        Respectfully submitted:

DATED: October 11, 2012        ANDRÉ BIROTTE JR.
                                        United States Attorney
                                        LEON W. WEIDMAN
                                        Assistant United States Attorney
                                        Chief, Civil Division


                                        _____/s/_____
                                        ROGER E. WEST
                                        Assistant United States Attorney
                                        First Assistant Chief, Civil Division


                                        _____/s/_____
                                        DAVID A. DeJUTE
                                        Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Orly Taitz, acting as both lawyer and plaintiff, and seeking certification as lead plaintiff of the purported class of all similarly situated aggrieved citizens, seeks judicial redress, again, for the alleged failure of President Barack Obama to meet the qualification required for office. Taitz apparently attributes her repeated failures to obtain any judicial redress as evidence of some vast conspiracy involving numerous federal and state officials and various members of the media. Taitz makes these allegations in a lengthy and rambling 105 page complaint, with several hundred pages of "exhibits." Taitz originally instituted this action in State Court, and she herself then removed the case to this Court.

Plaintiff Taitz' removal of her own case to this Court was completely impermissible as a matter of law, and this court therefore lacks subject matter jurisdiction. As this Court is aware, jurisdiction must first be established in all removed cases. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (A "district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Because the removal by Plaintiff of her own case is improper and divests the court of jurisdiction, this Court is respectfully requested to dismiss the action.

## II.

## STATEMENT OF THE CASE

Plaintiffs Keith Judd, Thomas MacLeran, Larry Rappaport, David Farrar, Carol Vita, Lucian Vita, Leah Lax and Orly Taitz, who represents all of the named plaintiffs including herself, filed suit in the California Superior Court for the

County of Orange sometime in July of 2012[1]. On August 28, 2012, Plaintiffs purported to remove this action to this Court. See Docket No. 8. On September 11, 2012, the United States Attorney's Office for the Central District of California was served with Plaintiffs' First Amended Complaint, thereby making a responsive pleading due for the federal defendants on or before November 13, 2012.

Plaintiffs' complaint is in large measure indecipherable, and clearly violates Rule 8 insofar as moving defendants are concerned, because as to them, it fails to contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement showing that plaintiffs are entitled to any relief. See Fed.R.Civ.P. 8. Plaintiffs appear to seek to bring a multitude of claims sounding in tort and for violations of statutory law, generally alleging that President Obama is using "forged and fraudulently obtained identification papers" to run for elected office. See Complaint, 10. The Federal Defendants responding herein, namely, Michael Astrue, Commissioner of the Social Security Administration, William Chatfield, former Director of the Selective Service, Janet Napolitano, Secretary of the Department of Homeland Security, Eric Holder, United States Attorney General, Clay D. Land, District Judge, and Patrick Donahoe, Postmaster General, are each sued in his or her official capacity.

Plaintiffs seek declaratory and injunctive relief in connection with the 2012 primary and general elections and unspecified damages.

### III.
### ARGUMENT

I.   This Court Lacks Subject Matter Jurisdiction

As stated above, Plaintiff Taitz, acting as counsel herein, originally filed this action in the Orange County Superior Court. On or about August 28, 2012,

---

[1] It is impossible to state with specificity Plaintiffs' actions prior to removal, as they have failed to file in this Court, or to provide to any of these Federal Defendants, any of the documents in the California Superior Court.

Plaintiff filed a Notice of Removal, purporting to remove her case to this court. Plaintiff Taitz asserted in her Notice of Removal that the case was "properly removable under 28 U.S.C. § 1441, as the complaint alleges claims based on federal law…." See Notice of Removal, a copy of which was filed by Plaintiff on August 28, 2012, Docket No. 8, at Page 4.

None of the Plaintiffs herein has any right or ability to remove this case, as they have attempted to do under 28 U.S.C. § 1441. See *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.ED. 1214 (1941); *Bush v. Cheaptickets*, 425 F.3d 683, 686 (9th Cir. 2005) ("the removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to Federal Court"); *Am. Int'l Underwriters (Phil) Inc.v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("the right to remove a State Court case to Federal Court is clearly limited to defendants"); *Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("a plaintiff who commences his action in a State Court cannot effectuate removal to a Federal Court even if he could have originated the action in a Federal Court").

By virtue of the foregoing, this Court clearly lacks subject matter jurisdiction of this case, which was improperly removed by Plaintiffs. Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

II.  **This Action is Barred by the Doctrines of Res Judicata and Collateral Estoppel**

To the extent that Plaintiffs seek to raise issues herein previously raised and decided against them, or which could have been raised by them, in *Drake v. Obama*, 654 F.3d 774 (9th Cir. 2011), and/or in similar cases decided against Plaintiffs, and each of them, in Districts and Circuits throughout the United States, this suit is barred by the doctrines of res judicata and collateral estoppel.

//
//
//

III.     <u>To the Extent that Plaintiffs have Failed to Properly Effect Service on Some or All of the Moving Defendants, This Action Should be Dismissed</u>

Plaintiffs have not filed complete returns of service with the court *in re* these moving Defendants. To the extent that Plaintiffs have failed to properly effect service as required by Rule 4(i) of the Federal Rules of Civil Procedure, the action should be dismissed.

IV.     <u>This Action Must be Dismissed as to Defendants Chatfield and Land for Lack of Personal Jurisdiction and Improper Venue</u>

The complaint does not allege, nor could it allege, that this court has any personal jurisdiction over Defendants Chatfield and Land. Neither of these Defendants is alleged to be a resident of the State of California, and the complaint does not allege, nor could it, that either of these Defendants had any contact whatever with this State, let alone the requisite minimum contacts required for exercise of personal jurisdiction over either of them. See *International Shoe Company v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.ED. 95 (1945). Similarly, venue is improper herein as to these Defendants. Regarding Defendant Land, 28 U.S.C. § 1391(e) only applies to suits against officers of the Executive Branch. Regarding Defendant Chatfield, § 1391(e) does not apply to suits against former U.S. government officials. See *Sutaain v. Shapiro and Leberman*, 678 F.2d 115, 117 (9th Cir. 1982).

//
//
//
//
//
//

## IV.

## **CONCLUSION**

For the forgoing reasons, this Court is respectfully requested to dismiss Plaintiffs' improperly removed action.

                                            Respectfully submitted,

DATED: October 11, 2012          ANDRÉ BIROTTE JR.
                                            United States Attorney
                                            LEON W. WEIDMAN
                                            Assistant United States Attorney
                                            Chief, Civil Division


                                            _____/s/_____
                                            ROGER E. WEST
                                            Assistant United States Attorney
                                            First Assistant Chief, Civil Division


                                            _____/s/_____
                                            DAVID A. DeJUTE
                                            Assistant United States Attorney