JOHN F. KRATTLI, County Counsel
BRANDI M. MOORE, Senior Deputy County Counsel
(SBN 221519) • bmoore@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1832 · Fax: (213) 617-7182

Attorneys for Defendant Dean C. Logan in
his capacity as Los Angeles County
Registrar-Recorder/County Clerk

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KEITH JUDD, ORLY TAITZ, THOMAS G. MACLERAN, LEAH LAX, DAVID FARRAR, LARRY RAPPAPORT, LUCIEN VITA, CAROL VITA,<br><br>Plaintiffs,<br><br>v.<br><br>BARACK OBAMA, IN HIS CAPACITY AS A CANDIDATE ON THE BALLOT FOR THE US PRESIDENT IN 2012 ELECTION; NATALIE E. TENNANT, in her capacity of West Virginia Secretary of State; DEBRA BOWEN, in her capacity of California Secretary of State; BRIAN P. KEMP, in his capacity of Georgia Secretary of State; WILLIAM M. GARDNER, in his capacity of New Hampshire Secretary of State; NANCY PELOSI in her capacity of the Chairwoman of the 2008 Democratic National Convention and Signor of the Certificate of Nomination for Candidate for President Obama; MICHAEL ASTRUE in his capacity as the Commissioner of SSA; WILLIAM A. CHATFIELD In his capacity as former Director of the Selective Service; ALVIN ONAKA in his capacity as registrar of the Health Department of Hawaii; JANET | CASE NO. SACV12-01507-DOC (ANx)<br><br>**DEFENDANT DEAN C. LOGAN, LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK'S, AMENDED NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[REQUEST FOR JUDICIAL NOTICE - previously filed]<br><br>[Fed. R. Civ. P. 12(b)(5) and (6)]<br><br><u>DATE:</u>   <u>November 26, 2012</u><br>TIME:    8:30 a.m.<br>PLACE:   Courtroom 9D<br><br>Action Filed: September 11, 2012<br>Trial Date:   None |

HOA.920289.1                                                     SACV12-01507-DOC (ANx)
AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM


| | |
|---|---|
| 1 | NAPOLITANO in her capacity as Secretary of Department of Homeland Security; ERIC HOLDER in his capacity as Attorney General of the USA; BRIAN SCHATZ in his capacity as 2008 Chairman of the Democratic party of Hawaii and Signor of the Certificate for Presidency for Barack Obama; LYNN MATUSOW in her capacity as 2008 Secretary of the Democratic party of Hawaii and Signor of the Certificate for Presidency for Barack Obama; ALICE TRAVIS GERMOND in her capacity as a secretary of the 2008 Democratic Nominating Convention; OBAMA FOR AMERICA; BALLOT LAW COMMISSION OF STATE OF HEW HAMPSHIRE; BOARD OF DIRECTORS OF CALIFORNIA REPUBLICAN PARTY; DEAN C. LOGAN in his capacity as Los Angeles county registrar; ELIZABETH EMKEN in her capacity as a candidate on the ballot; DIANNE FEINSTEIN in her capacity as a candidate on the ballot; CLAY D. LAND in his capacity as a Federal Judge, Central District of Georgia; JOHN AVLON, in his capacity as a reporter for Daily Beast; CHRIS MATTHEWS in his capacity as a host of MSNBC; MSNBC; FORBES MAGAZINE; KEVIN UNDERHILL in his capacity as a reporter for FORBES MAGAZINE; CLEARCHANNEL COMMUNICATIONS; KFI AM 640; JOHN AND KEN SHOW; JOHN KOBELT; PATRICK R. DONAHOE in his capacity as Post Master General and Chief Executive Officer of United States Postal Service; CNN; JOHN DOES and JANE DOES 1-100, Defendants. | |

TO PLAINTIFFS KEITH JUDD, ORLY TAITZ, THOMAS G. MACLERAN, LEAH LAX, DAVID FARRAR, LARRY RAPPAPORT, LUCIEN VITA, CAROL VITA AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on **Monday, November 26, 2012 at 8:30 a.m.**

HOA.920289.1

AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

-2-

SACV12-01507-DOC (ANx)

or as soon thereafter as the matter may be heard in Courtroom 9D of the United States District Court, the Honorable David O. Carter presiding, located at 411 West Fourth Street, Santa Ana, California, Defendant Dean C. Logan, in his capacity as the Los Angeles County Registrar-Recorder/County Clerk ("LA County Registrar") will and does hereby move this Court for an order dismissing Plaintiffs' First Amended Complaint ("FAC") with prejudice on the ground that Plaintiffs have failed to properly complete service on the LA County Registrar and have failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6).

This amended motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the records on file in this action, the Request for Judicial Notice previously filed, and upon such further documents, evidence and argument as may be before the Court at the time of the hearing on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 27, 2012.

DATED: October 15, 2012            Respectfully submitted,

JOHN F. KRATTLI
County Counsel


By   /s/ BRANDI M. MOORE
     BRANDI M. MOORE
     Senior Deputy County Counsel

Attorneys for Defendant Dean C. Logan in his capacity as Los Angeles County Registrar-Recorder/County Clerk

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 4 |
| BACKGROUND | 5 |
| STANDARD OF REVIEW | 6 |
| ARGUMENT | 8 |
| I. PLAINTIFFS' HAVE FAILED TO COMPLETE SERVICE ON THE LA COUNTY REGISTRAR | 8 |
| II. THE LA COUNTY REGISTRAR IS IMMUNE FROM LIABILITY FOR DISCRETIONARY ACTS PURSUANT TO CALIFORNIA GOVERNMENT CODE SECTION 820.2 | 9 |
| III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM BY FAILING TO IDENTIFY A MANDATORY DUTY ON THE PART OF THE LA COUNTY REGISTRAR | 11 |
| IV. PLAINTIFFS' EXCLUSIVE REMEDY WAS TO FILE AN ELECTION CONTEST CHALLENGING THE LOS ANGELES COUNTY VOTERS WHO ALLEGEDLY CAST ILLEGAL OR IMPROPER VOTES | 15 |
| CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**CASES** — Page(s)

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
 368 F.3d 1174, 1177 (9th Cir. 2004)..................................................6

*Alliance for a Better Downtown Milbrae v. Wade*,
 108 Cal.App.4th 123 (2003)..............................................................14

*Ashcroft v. Iqbal*,
 556 U.S. 662, 678 (2009)................................................................7, 8

*Astoria Federal Savings and Loan Ass'n v. Solimino*,
 01 U.S. 104 (1991)..............................................................................8

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696, 699 (9th Cir. 1988).......................................................7

*Barron v. Reich*,
 13 F.3d 1370, 1377 (9th Cir. 1994).....................................................8

*Brockmeyer v. May*,
 383 F.3d 798, 801 (9th Cir. 2004)......................................................6

*Cahill v. Liberty Mut. Ins. Co.*,
 80 F.3d 336, 337-38 (9th Cir. 1996)...................................................7

*Cholla Ready Mix, Inc. v. Civish*,
 382 F.3d 969, 973 (9th Cir. 2004)......................................................7

*Coronado v. San Diego Unified Port Dist.*,
 27 Cal.App.2d 455, 468 (1964)........................................................14

*Cranford v. United States*,
 359 F. Supp. 2d 981, 983-84 (E.D. Cal. 2005)..................................8

*Durning v. First Boston Corp.*,
 815 F.2d 1265, 1267 (9th Cir. 1987)..................................................7

*Emrich v. Touche Ross & Co.*,
 846 F.2d 1190, 1198 (9th Cir. 1988)...............................................7, 8

*Haggis v. City of Los Angeles*,
 22 Cal.4th 490 (2000).......................................................................12

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).........................................7

*Huston v. Anderson*,
 145 Cal. 320, 324 (1904)..................................................................13

*Mack v. South Bay Beer Distrib., Inc.*,
 798 F.2d 1279, 1282 (9th Cir. 1986)..................................................8

| | |
|---|---|
| 1 | *Marder v. Lopez,* |
| | 450 F.3d 445 (9th Cir. 2006)..........................................................................7 |
| 2 | |
| | *Medlock v Superamerica Group, Inc.* |
| 3 | (1993, DC Minn.) 1993 U.S. Dist. LEXIS 10185................................................9 |
| 4 | *Murphy Bros. v. Michetti Pipe Stringing,* |
| | 526 U.S. 344, 350 (1999)...............................................................................6 |
| 5 | |
| | *Neitzke v. Williams,* |
| 6 | 490 U.S. 319,327 (1989).................................................................................6 |
| 7 | *Omni Capital Int'l v. Rudolf Wolff & Co.,* |
| | 484 U.S. 97, 104 (1987)..................................................................................6 |
| 8 | |
| | *Pohlmann v. Patty,* |
| 9 | 33 Cal.App. 390 (1917)..................................................................................13 |
| 10 | *Schwarzenegger v. Fred Martin Motor Co.,* |
| | 374 F.3d 797, 800 (9th Cir. 2004)..................................................................6 |
| 11 | |
| | *Searcy v. Hemet Unified School District,* |
| 12 | 177 Cal.App.3d 792,802 (1986)...................................................................11 |
| 13 | *Sher v. Johnson,* |
| | 911 F.2d 1357, 1361 (9th Cir. 1990)..............................................................6 |
| 14 | |
| | *Smith v. Minnesota Mutual Life Ins. Co.,* |
| 15 | 86 Cal.App.2d 581, 590 (1948)....................................................................11 |
| 16 | *Washington v. County of Contra Costa,* |
| | 38 Cal.App4th 890,896 (1995).....................................................................11 |
| 17 | |
| | *Yates v. Baldwin,* |
| 18 | 633 F.3d 669, 672 (8th Cir. 2011)..................................................................9 |

**STATE STATUTES**

California Code of Civil Procedure section 415.30(a)..............................................9

California Code of Civil Procedure section 415.30(b)..............................................9

California Code of Civil Procedure section 415.30(c)..............................................9

California Code of Civil Procedure section 415.30(d)..............................................9

California Elections Code section 2101....................................................5, 13, 14

California Elections Code section 2103..........................................................5

California Elections Code section 2105..........................................................5

California Elections Code section 2142..........................................................5

California Elections Code section 2150..........................................................5

HOA.923414.1

NOTICE OF MOTION & MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

-iii-

SACV12-01507-DOC (ANx)

| | |
|---|---|
| 1 | California Elections Code section 2150(6)..................................................6, 10 |
| 2 | California Elections Code section 2154(d)........................................................12 |
| 3 | California Elections Code section 2158..............................................................5 |
| | California Elections Code section 2162(a).......................................................13 |
| 4 | California Elections Code section 16100..........................................................15 |
| 5 | California Elections Code section 16401..........................................................15 |
| 6 | California Government Code section 815.6................................................11, 12 |
| 7 | California Government Code section 820.2........................................................9 |

**FEDERAL STATUTES**

42 U.S.C. § 1973gg, et seq.................................................................................13
42 U.S.C. section 1973gg(a)..............................................................................10
42 U.S.C. section 1973gg(b)..............................................................................10
42 U.S.C. section 1973gg-4(a)...........................................................................10

**RULES**

Federal Rule of Civil Procedure 4....................................................................8, 9
Federal Rule of Civil Procedure 4(j)....................................................................9
Federal Rule of Civil Procedure 12(b)(6).......................................................6, 7
Federal Rule of Civil Procedure 56......................................................................7

**CONSTITUTIONAL PROVISIONS**

Cal. Const. art. II, sec. 2....................................................................................13

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

This case is another in a long line of cases where Orly Taitz ("Taitz") either was a plaintiff, or represented plaintiffs, who seek to have Barack Obama disqualified as a candidate for President in the 2012 election based on unsupported allegations that he is not a natural born citizen of the United States, or that his citizenship was given up and never reinstated. In addition, in their First Amended Complaint ("FAC"), plaintiffs Keith Judd, Taitz, Thomas G. Macleran, Leah Lax, David Farrar, Larry Rappaport, Lucien Vita and Carol Vita (collectively "Plaintiffs"), generally seek an order to decertify the results of the June 2012 primary election as it relates to the United States Senate contest in California and instructing California Secretary of State Debra Bowen ("SOS") to remove from the voter rolls over one million allegedly invalid voter registrations.

Finally, on page 62 of the FAC, in the Eleventh Cause of Action alleging violations of the Help America Vote Act ("HAVA"), National Voter Registration Act ("NVRA") and the Elections Code, and claims that the LA County Registrar's data entry staff "falsified" voter registration forms when it included the term "US" into the computer system for certain registrants. But Plaintiffs' claims are based on unsupported and erroneous contentions, factually deficient affidavits and allegations, along with an Exhibit 29 that includes a small portion of an email chain which takes the discussion out of context and misleads this Court. Additionally, the allegations are broad conclusions unsupported by facts and do not take into consideration Elections Code provisions that specifically indicate that the state of birth is not required if an affiant states on the California voter registration form that they were born in the United States, or requirements of the NVRA that require all states and counties in the United States to accept the Federal voter registration form that does not include the California Requirement for "state or country of birth."

1  Nonetheless, Plaintiffs have failed to state any facts showing that the LA County Registrar breached his duties in the processing of submitted voter registrations in accordance with California and Federal law. The LA County Registrar has no statutory duty to determine the state or country of birth of a person seeking to register to vote using the Federal voter registration form. To the contrary, the LA County Registrar is required to accept and register those individuals.

A person is eligible to register to vote in California if they are (1) a United States citizen, regardless of place of birth, (2) not in prison or on parole for the conviction of a felony, and (3) at least 18 years of age at the time of the next election. EC § 2101. It is the intent of the Legislature to promote and encourage voter registration, to encourage all citizens, particularly those who lack English language skills, to vote, and to maintain voter registration at the highest possible levels. EC §§ 2103 and 2105.

It is the duty of county registrars to register qualified electors to vote. EC §§ 2103 and 2158. Duly qualified electors who are refused voter registration may bring an action in the Superior Court to compel registration. EC § 2142.

For all of these reasons, this Court should grant the LA County Registrar's motion to dismiss without leave to amend.

## BACKGROUND

Plaintiffs allege a variety of claims in their FAC against 32 separate defendants, including the LA County Registrar. This mish mosh of confusing allegations run the gamut from fraud to conspiracy to defamation, and include claims regarding conduct by the SOS, as well as the Orange County Registrar, who is not a party to this case, which have no bearing on the LA County Registrar.

Although somewhat unclear, the Eleventh Cause of Action raises California Elections Code ("EC") section 2150, which sets forth the requirements for the California form of voter registration, including having the affiant include their "state

or country of birth." (FAC ¶ 121) Plaintiffs allege that 756,213 voter registrations do not include the state of birth as required by EC section 2150(6). (FAC ¶ 124, Exh. 18) Plaintiffs further allege that the LA County Registrar's employees admitted to "marking that applicant was born in the U.S. when such information was missing" and that another 685,739 voter registrations indicated "USA" or "US." (FAC ¶ 125, Exh. 29) According to Plaintiffs, these allegations alone require that 1,441,952 voter registrations must be purged from the voter records. (FAC ¶ 125).

## STANDARD OF REVIEW

The plaintiff bears the burden of demonstrating that jurisdiction is appropriate where a defendant moves to dismiss a complaint for lack of proper service. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); see also *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004) (Proper service of process is required for federal courts to obtain personal jurisdiction over a defendant.).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is appropriate when a plaintiff's allegations fail "to state a claim upon which relief can be granted." That claim must be dismissed "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A motion to dismiss may be based on either the lack of a cognizable legal theory, or the absence of

sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In considering the motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Instead, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

Review is generally limited to the contents of the complaint. *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006). But the Court may consider materials properly attached to complaints as exhibits. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). And the Court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Generally, if the district court considers matters outside the pleading in ruling on a motion to dismiss, the motion is converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). The court, however, may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into one for summary

1. judgment. *See, e.g., Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (judicial notice of Department of Labor Field Operations Handbook); *Emrich*, 846 F.2d at 1198 (judicial notice of district and appellate court proceedings); *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (judicial notice of records and reports of administrative bodies).

The allegations in support of Plaintiffs' claims are broad generalizations without factual specificity and are "mere conclusory statements" which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. PLAINTIFFS' HAVE FAILED TO COMPLETE SERVICE ON THE LA COUNTY REGISTRAR

A federal court lacks jurisdiction over a party where there is insufficient service of process. Unless there is "substantial compliance with Fed. R. Civ. P. 4" actual notice alone will not suffice to establish personal jurisdiction. *Cranford v. United States*, 359 F. Supp. 2d 981, 983-84 (E.D. Cal. 2005) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Plaintiffs have failed to complete service on the LA County Registrar. The Federal Rules of Civil Procedure require that a local government must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Plaintiffs have failed to comply with either provision.

On September 29, 2012, Plaintiffs filed Document 10 with this Court purporting to be a proof of service. Page 3 of that document indicates that the FAC was sent by certified mail, return receipt requested, via the United States Postal Service to the attention of the LA County Registrar. The return receipt shows that it

HOA.920289.1              -8-              SACV12-01507-DOC (ANx)
AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

was stamped received on September 17, 2012 by the LA County Registrar's Mail Center. Delivery of the complaint by such a method is insufficient as a matter of law. See *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting certified mail is not considered "delivery" under Rule 4). No other proof of services was filed by Plaintiffs and the LA County Registrar has not been personally served.

California Code of Civil Procedure § 415.30(a) and (b) allows for service by mail only if the summons and complaint are accompanied by two copies of a Notice and Acknowledgment of Receipt. Service is not deemed complete until the defendant returns the Acknowledgment of Receipt within the 20 days provided. Cal. Code Civ. P § 415.30(c) and (d). Plaintiffs failed to include the requisite Notice and Acknowledgement, therefore, service was not completed. When process is served by mailing, the green "return receipt" attached to envelope is not the equivalent of an acknowledgement form and does not satisfy the requirement that service be acknowledged. *Medlock v Superamerica Group, Inc.* (1993, DC Minn.) 1993 U.S. Dist. LEXIS 10185; 62 Fair Empl. Prac. Cas. (BNA) 906

Plaintiffs have failed to perfect service as they have not complied with Fed. R. Civ. P. 4(j). Therefore, this Court does not have jurisdiction over the LA County Registrar and should dismiss the FAC.

## II. THE LA COUNTY REGISTRAR IS IMMUNE FROM LIABILITY FOR DISCRETIONARY ACTS PURSUANT TO CALIFORNIA GOVERNMENT CODE SECTION 820.2

California Government Code section 820.2, states:

"Except as otherwise provided by statute, a public employee is not liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Plaintiffs only argument regarding the LA County Registrar is a broad

allegation that data entry staff include add the term "US" when that information was missing. Plaintiffs fail to state with any specificity which voter registrations were allegedly at issue. Moreover, Plaintiffs did not provide this Court with the entire email chain and claim that the LA County Registrar has admitted to wrongdoing. In fact, even a reading of the portion of the email attached as Exhibit 20 to the FAC reveals that the computerized applicant file is updated with "US" only when the registration is submitted on the Federal voter registration form.

The United States Congress, in enacting the NVRA, has found that the right of citizens of the United States to vote is a fundamental right; it is the duty of the Federal State and local governments to promote the exercise of that right; that the purpose of the NVRA is to establish procedures that will increase the number of eligible citizens who register to vote in elections, to make it possible for Federal, State, and local governments to implement this Act in a manner that enhances the participation of eligible citizens as voters in elections; and to protect the integrity of the electoral process. 42 U.S.C. § 1973gg(a) and (b).

The NVRA requires county elections officials to accept and register applicants who submit their voter registrations using the Federal form. 42 U.S.C. § 1973gg-4(a). That form does not include the requirement of EC § 2150(6) of state and country of birth. (See Exhibit C to the LA County Registrar's Request for Judicial Notice ("RJN")) Since the LA County Registrar's election management system requires an entry in the field for "state or country of birth," and since the affiant registering with the Federal form certifies under penalty of perjury that they are a United States citizen, the LA County Registrar, in his discretion, populates the field as necessary in order to effectuate the purposes of the NVRA as envisioned by the United States Government.

///

///

HOA.920289.1 -10- SACV12-01507-DOC (ANx)
AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

## III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM BY FAILING TO IDENTIFY A MANDATORY DUTY ON THE PART OF THE LA COUNTY REGISTRAR

At the outset, it should be noted that Plaintiffs have not requested any affirmative prayer for relief against the LA County Registrar. On that basis alone, the FAC fails to state a claim on which relief may be granted.

This motion to dismiss should be granted as the FAC does not contain sufficient facts to support any alleged cause of action. A "cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Smith v. Minnesota Mutual Life Ins. Co.*, 86 Cal.App.2d 581, 590 (1948). Unless Plaintiff's FAC alleges the violation of some primary right which the LA County Registrar had a corresponding duty to perform for the benefit of Plaintiff, then the FAC fails to state a cause of action.

As a general rule, a California public entity cannot be liable unless it is alleged to have violated a mandatory duty. The requirement that a complaint against a public entity specifically allege the violation of a statute/regulation which imposes a mandatory duty has been described as a "'gateway to recovery." *Washington v. County of Contra Costa*, 38 Cal.AppAth 890,896 (1995). To state a cause of action against a California governmental entity, "every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty." *Searcy v. Hemet Unified School District*, 177 Cal.App.3d 792,802 (1986). This requirement is born from California Government Code section 815.6: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty."

1  In *Haggis v. City of Los Angeles*, 22 Cal.4th 490 (2000), the California
2  Supreme Court discussed the requirement that a plaintiff allege the violation of a
3  mandatory duty before liability can exist against a public entity. When considering
4  whether a public entity has a mandatory duty, thus giving rise to liability under
5  Government Code 815.6, the purpose of the ordinance or law which creates the
6  mandatory duty must be examined closely to determine whether the injury alleged in
7  the lawsuit was of the type which the mandatory duty was intended to prevent.
8  *Haggis, supra*, at 503. Even where a mandatory duty is alleged, the immunity
9  provisions of the Government Code could apply to immunize the public entity from
10 liability. (*Id.* at 503-504.)
11       Plaintiffs have failed to identify any mandatory duty that the LA County
12 Registrar owes to Plaintiffs that can form the basis for the FAC and the causes of
13 actions stated therein. Plaintiffs complain that the LA County Registrar erroneously
14 accepted voter registrations that did not include a state of birth or which were
15 submitted on the Federal voter registration form. Plaintiff also complains that the
16 voter registrations accepted in this manner were invalid and must be purged from
17 the voter rolls. Plaintiffs' allegations are based on the faulty premise that the "state
18 of birth" is a required field that must be filled out unless the affiant was born in a
19 country other than the United States, and that if not completed, disqualifies a person
20 from registering to vote. This is simply not the case.
21       California law states that "If the affiant fails to identify his or her state of birth
22 within the United States, it shall be presumed that the affiant was born in a state or
23 territory of the United States if the birthplace of the affiant is shown as 'United
24 States,' 'U.S.A.,' or other recognizable term designating the United States." EC §
25 2154(d). Thus, the state of birth is not required so long as the person seeking
26 registration on the California voter registration form indicates they were born in the
27 United States. Thus, any allegations by Plaintiffs regarding the requirement for state
28 HOA.920289.1                                    -12-                    SACV12-01507-DOC (ANx)

AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

1  of birth must be discarded.

2      Further, to qualify to register to vote in California, a person must be a citizen
3  of the United States, a resident of California, "not in prison or on parole of the
4  conviction of a felony and at least 18 years of age at the time of the next election."
5  EC § 2101; accord, Cal. Const. art. II, sec. 2.  If a person completes a voter
6  registration affidavit attesting to these minimum basic factors, which entitle him to
7  register to vote, the local elections official has no grounds to deny the registration.
8  See generally *Huston v. Anderson*, 145 Cal. 320, 324 (1904) (holding that
9  informality or irregularity in the method by which a person was registered to vote is
10 insufficient grounds to disqualify the person from voting so long as the person was
11 qualified to vote and the local elections official in fact registered the person to vote);
12 accord *Pohlmann v. Patty*, 33 Cal.App. 390 (1917).)

13     No provision of the Elections Code or of the NVRA places a duty upon the
14 LA County Registrar to obtain state or country when left blank by a person
15 completing an affidavit for registration using the Federal voter registration form.  In
16 fact, the requirement that a person provide this information in order to register to
17 vote only applies to someone using the California voter registration form.  State law
18 does not require the information to be provided and indicates that the only affidavits
19 of registration that are acceptable are those provided by the SOS or the NVRA
20 pursuant to 42 U.S.C. § 1973gg, et seq. EC § 2162(a).  The SOS has advised the
21 county registrars that they do not need to determine a registrant's state or country of
22 birth when the Federal voter registration form is used.  (RJN Exh. A and B)

23     42 U.S.C. § 1973gg-4(a) states in part:
24     (1) Each State shall accept and use the mail voter registration application
25     form prescribed by the Federal Election Commission pursuant to section
26     9(a)(2) [42 USCS § 1973gg-7(a)(2)] for the registration of voters in elections
27     for Federal office.

28 HOA.920289.1      -13-      SACV12-01507-DOC (ANx)
AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

1      (2) In addition to accepting and using the form described in paragraph (1), a State may develop and use a mail voter registration form that meets all of the criteria stated in section 9(b) [42 USCS § 1973gg-7(b)] for the registration of voters in elections for Federal office.

While subsection (2) allows states to develop their own voter registration forms, subsection (1) requires states to accept a voter registration form submitted on the Federal form. Nothing in the instructions to the Federal voter registration form requires a registrant to include the state or country of birth as required by California law on its own form. (RJN Exh. C) In fact, the instructions only discuss the requirements for and ID number, choice of party and signature, while affirmatively stating the registrant is not required to complete the section for race or ethnic group. Had the Legislature thought it was necessary to include the state or country of birth, then the instructions would advise as much. It is understandable that no such requirement is necessary since it is only United States citizenship, not place of birth, that makes a person eligible to register in California.

    The LA County Registrar asserts that his duty is to confirm that the affidavit contains the necessary information to qualify the person to vote. EC § 2101. If these factors appear on the face of the affidavit, a county registrar cannot reject the affidavit and/or refuse to register the person as a voter. As a ministerial officer, the LA County Registrar has no authority to go beyond the facts presented on the forms presented to the office. See generally *Alliance for a Better Downtown Milbrae v. Wade*, 108 Cal.App.4th 123 (2003). A registration form, which is normal on its face, must be accepted by the LA County Registrar. As a matter of public policy the registration "rules should be construed to permit the greatest number of qualified voters to exercise their rights." *Coronado v. San Diego Unified Port Dist.*, 227 Cal.App.2d 455, 468 (1964), citing *Ley v. Dominguez*, 212 Cal. 587 (1933).

    Of course, here, Plaintiffs have not indicated any particular voter registration

HOA.920289.1      -14-      SACV12-01507-DOC (ANx)
AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

that they object to, but only cite generally to over 1.4 million registrations that indicate "US" or "USA" without any reference to Federal or state forms or the statutory requirements. The LA County Registrar properly performed his duty and properly applied both California and Federal law in the processing of voter registrations. Because Plaintiffs have failed to identify a duty owed to them by the LA County Registrar, and because the facts before the Court demonstrate that the LA County Registrar complied with his statutory and regulatory duties in registering voters, this motion to dismiss should be granted without leave to amend.

## IV. PLAINTIFFS' EXCLUSIVE REMEDY WAS TO FILE AN ELECTION CONTEST CHALLENGING THE LOS ANGELES COUNTY VOTERS WHO ALLEGEDLY CAST ILLEGAL OR IMPROPER VOTES

If Plaintiffs alleged that there were illegal votes cast, their sole remedy was to file an elections contest pursuant to EC § 16100. The elections contest filed in Orange County regarding Orange Country voters is ineffective in Los Angeles County. Moreover, the election contest requires specificity as to the individuals challenged, which Plaintiffs' have failed to provide. The time to file such an election contest was 30 days following the June 2012 primary. EC § 16401. That time has long since passed, although Plaintiffs' had ample time to bring such an action if they so chose.

## CONCLUSION

For the foregoing reasons, the County Registrar respectfully requests that the Court dismiss with prejudice Plaintiffs' FAC, and each and every claim for relief alleged therein, in its entirety.

HOA.920289.1 -15- SACV12-01507-DOC (ANx)
AMENDED NOTICE OF MOTION
& MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

| | |
|---|---|
| DATED: October 15, 2012 | Respectfully submitted, |
| | JOHN F. KRATTLI<br>County Counsel |
| | By  /s/ BRANDI M. MOORE<br>    BRANDI M. MOORE<br>    Senior Deputy County Counsel |
| | Attorneys for Defendant Dean C. Logan in his capacity as Los Angeles County Registrar-Recorder/County Clerk |