JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1507-DOC (ANx)                                      Date: October 17, 2012

Title: KEITH JUDD ET AL. V. BARACK OBAMA ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                      None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER SUA SPONTE DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING PENDING MOTIONS (DKTS. 11, 12, 20, 21, 22, 23, 27, 33) AS MOOT**

Before the Court is a lawsuit that eight Plaintiffs ("Plaintiffs") brought against President Barack Obama and twenty-eight other Defendants.

The gist of the lawsuit, to the extent a short description can capture its claims, is that the President is not a natural born citizen; that massive voter fraud has been and will be perpetrated; that officials in government are involved in those two conspiracies; and that various officials and journalists, along with participating in those conspiracies, have also separately violated the rights of the Plaintiffs through defamation and other actions appearing to sound in tort.  Defendants include local, state, and national officials, journalists, media outlets, the Postmaster General, and a federal judge.

Among the Plaintiffs is Orly Taitz, an attorney who is also the group's counsel.  Ms. Taitz has brought previous lawsuits with some similarity to the present case.  *See, e.g.*, *Drake v. Obama*, 654 F.3d 774 (9th Cir. 2011).  Plaintiffs removed this case from State Superior Court themselves.  Response To Order Of The Court (Dkt. 8, Ex. 1).  That fact is fatal to this Court's jurisdiction, and thus the Court will sua sponte dismiss this case for lack of subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1507-DOC (ANx)                            Date: October 17, 2012
                                                                                  Page 2

### I. Facts

On September 10, 2012, Plaintiffs filed a complaint, titled "First Amended Complaint," with fourteen causes of action and a request for class action certification. Compl. (Dkt. 1). Plaintiffs' counsel did not file an electronic form of the claim-initiating document, as required by Local Rule 3-2. Order Requiring Plaintiffs To File An Electronic Copy (Dkt. 6). In response to this Court's Order, Plaintiffs filed a seven-page Notice Of Removal that was filed in Superior Court. (Dkt. 8, Ex. 1).[1] This case's docket still has no electronic copy of the Complaint.[2]

The Notice Of Removal makes clear that Plaintiffs removed the action from state court. *Id.* at 6 ("Plaintiffs hereby remove this action from the Superior Court of California, to the United States District Court for the Central District of California, Southern Division.").

### II. Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The removing defendant must file a notice of removal in the appropriate United States District Court, together with all

---

[1] Perhaps some confusion is due to the fact that the manually filed First Amended Complaint had "First amended complaint" crossed out. Someone wrote "Notice of Removal" in pen above the crossed-out text, which then became the document's title in the docket. But the First Amended Complaint (now titled "Notice of Removal" in the case docket) has no information about the process of removal. When this Court ordered Plaintiffs to file an electronic copy of the complaint, it used the title as listed in the docket, as well as the docket number ("'Notice of Removal from Orange County Superior Court, case number 30-2012-00582135 with conformed copy of Affidavit of Elections Challenge' (Dkt. 1)"). Rather than file the complaint, Plaintiffs filed their Notice Of Removal that had been filed in state court.

[2] At least one Defendant has reported that the paper copy of the complaint he received, which is the only copy to which he has access, is missing pages. *See* Def. William Gardner MPA In Support Of Mot. To Dismiss 1 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1507-DOC (ANx)            Date: October 17, 2012
                                                                                               Page 3

---

process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Only a defendant may remove a case. 28 U.S.C. § 1441; *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If a court determines at any time that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. Analysis

The "lack of jurisdiction is so fundamental a defect that the rule permits a judge to recognize it sua sponte at any time." *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975). Among the reasons for this sound rule is that "[j]udicial resources are precious, particularly in view of the courts' steadily burgeoning caseload, and they should not be dissipated in futile proceedings." *Id.* The same could be said of the resources of the many government officials sued in this case—they need not spend taxpayer money to defend a proceeding if that proceeding is futile.

Here, Plaintiffs' own filings make clear that they removed this case themselves. (Dkt. 8, Ex. 1 at 6). That attempt at removal cannot establish this Court's jurisdiction. 28 U.S.C. § 1441; *Bush v. Cheaptickets, Inc.*, 425 F.3d at 686 (citing *Shamrock Oil v. Sheets*, 313 U.S. 100). Thus, for the above reasons, the Court hereby DISMISSES this case.

All pending Motions (Dkts. 11, 12, 20, 21, 22, 23, 27, 33) are DENIED AS MOOT, and the corresponding hearings are hereby vacated.

The Clerk shall serve this order on all parties.

MINUTES FORM 11
CIVIL-GEN                                                                                                                              Initials of Deputy Clerk: jcb